**JAMPOL ZIMET LLP**
Marc J. Zimet (SBN 183111)
(mzimet@jzlaw.com)
Landon R. Schwob (SBN 280908)
(lschwob@jzlaw.com)
800 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90017
213-689-8500 (phone)
213-689-8501 (fax)

Attorneys for Defendant
KENTECH CONSULTING, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,<br><br>                    Plaintiff(s),<br><br>      v.<br><br>KENTECH CONSULTING, INC., a foreign corporation doing business in California; ALERE, INC., a foreign corporation doing business in California; and DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No.:   **'16 CV 0662 DMS WVG**<br><br>**DEFENDANT KENTECH CONSULTING, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) [FEDERAL QUESTION]**<br><br>San Diego Superior Court<br>Civil Case No: 37-2016-00004067 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that Defendant Kentech Consulting, Inc. ("Kentech") hereby removes to this Court the state court action described below.

On February 5, 2016, an action was commenced by Plaintiff Virginia Abrogina in the Superior Court of the State of California in and for the County of San Diego,

-1-

1  entitled *Virginia Abrogina v. Kentech Consulting, Inc., et al.*, as case number 37-2016-
2  00004067-CU-OE-CTL.

3       The first date upon which Kentech received a copy of the complaint in the state
4  court action was February 16, 2016, when Kentech received by mail a copy of the said
5  complaint, a summons from the said state court, a notice and acknowledgement of
6  receipt, a notice of case assignment and case management conference, and ADR
7  Information.    True and correct copies of these documents, which are the only
8  documents Kentech has received to date in the state court action, are attached hereto as
9  Exhibit "A".

10      This action is a civil action of which this Court has original jurisdiction under 28
11  U.S.C. § 1331, and is one which may be removed to this Court by Kentech pursuant to
12  the provisions of 28 U.S.C. § 1441(a) in that it arises under 15 U.S.C. § 1681, *et seq.*
13  (The Fair Credit Reporting Act).

14      The only remaining defendant in the state court action, Alere, Inc. ("Alere"),
15  intends to file a Joinder to this Notice of Removal and consents to the removal of the
16  state court action to this Court.

17
18
19  Dated:  March 17, 2016                **JAMPOL ZIMET LLP**
20
21                                         By:    /s/ Landon R. Schwob
22                                                Marc J. Zimet
                                                 (mzimet@jzlaw.com)
23                                               Landon R. Schwob
                                                 (lschwob@jzlaw.com)
24                                               Attorneys for Defendant
                                                 KENTECH CONSULTING, INC.
25
26
27
28

DEFENDANT KENTECH CONSULTING, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
[FEDERAL QUESTION]

1

## TABLE OF EXHIBITS

2

3     Exhibit A : Summons, Complaint (entire served copy) …………………pg. 1- 34

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| DHF Law, P.C.<br>Devin H. Fok, Esq. (SBN# 256599)<br>234 E. Colorado Blvd., 8th Floor<br>Pasadena, CA 91101<br>TELEPHONE NO. 888-651-6411    FAX NO. *(Optional)* 818-484-2023<br>E-MAIL ADDRESS *(Optional)* devin@devinfoklaw.com<br>ATTORNEY FOR *(Name)*: Virginia Abrogina | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, Cali
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Virginia Abrogina

DEFENDANT/RESPONDENT: Kentech Consulting, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2016-00004067-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: Kentech Consulting, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/10/2016

Devin H. Fok
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:

   Stipulation to Use ADR; ADR Information; Notice of Case Assignment; Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**EXHIBIT A**
1

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>DHF Law, P.C.<br>Devin H. Fok, Esq. (SBN# 256599)<br>234 E. Colorado Blvd., 8th Floor<br>Pasadena, CA 91101<br>  TELEPHONE NO.: 888-651-6411    FAX NO. *(Optional)* 818-484-2023<br>E-MAIL ADDRESS *(Optional)*: devin@devinfoklaw.com<br>ATTORNEY FOR *(Name)*: Virginia Abrogina | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
   STREET ADDRESS: 330 W. Broadway
   MAILING ADDRESS:
   CITY AND ZIP CODE: San Diego, Call
   BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Virginia Abrogina

DEFENDANT/RESPONDENT: Kentech Consulting, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2016-00004067-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: Kentech Consulting, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/10/2016

Devin H. Fok
     (TYPE OR PRINT NAME)     ▶     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

    Stipulation to Use ADR; ADR Information; Notice of Case Assignment; Civil Case Cover Sheet

*(To be completed by recipient)*:

Date this form is signed:

     ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**EXHIBIT A**
2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):   Virginia Abrogina

DEFENDANT(S) / RESPONDENT(S):  Kentech Consulting Inc et.al.

ABROGINA VS KENTECH CONSULTING INC [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2016-00004067-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Eddie C Sturgeon                             Department: C-67

## COMPLAINT/PETITION FILED: 02/05/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/30/2016 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

**EXHIBIT A**

3

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Kentech Consulting, Inc.; ALERE, INC.; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Virginia Abrogina, as an individual, and on behalf of the putative class,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/05/2016** at 03:27:32 PM

Clerk of the Superior Court
By Cody Newlan, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego County Superior Court - 330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso)*
37-2016-00004067-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok, Esq., DHF Law, P.C., 234 E. Colorado Blvd., 8th Floor, Pasadena, CA 91101, 310-430-9933

| DATE: 02/08/2016 *(Fecha)* | Clerk, by *(Secretario)* | C. Newlan | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
4

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):    Virginia Abrogina |
|---|
| DEFENDANT(S): Kentech Consulting Inc et.al. |
| SHORT TITLE:    ABROGINA VS KENTECH CONSULTING INC [EFILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00004067-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)          ☐  Non-binding private arbitration

☐  Mediation (private)              ☐  Binding private arbitration

☐  Voluntary settlement conference (private)      ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)          ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                  Name of Defendant

_____          _____
Signature                    Signature

_____          _____
Name of Plaintiff's Attorney            Name of Defendant's Attorney

_____          _____
Signature                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  02/08/2016                    _____
                              JUDGE OF THE SUPERIOR COURT

**EXHIBIT A**
5



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00004067-CU-OE-CTL     CASE TITLE:

Abrogina vs Kentech Consulting Inc [EFILE]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**EXHIBIT A**

6

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**EXHIBIT A**

**7**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Devin H. Fok (SBN#256599)<br>DHF Law, P.C.<br>234 E. Colorado Blvd., 8th Floor<br>Pasadena, CA 91101<br>TELEPHONE NO.: 310-430-9933   FAX NO.: 818-484-2023<br>ATTORNEY FOR *(Name):* Virginia Abrogina | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/05/2016** at 03:27:32 PM<br><br>Clerk of the Superior Court<br>By Cody Newlan, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Abrogina v. Kentech, etc.

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2016-00004067-CU-OE-CTL<br><br>JUDGE: Judge Eddie C Sturgeon<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/5/2016
Devin H. Fok
_____(TYPE OR PRINT NAME)_____        ►        _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT A**
8

Devin Fok (SBN #256599)
**DHF Law, APC**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Ph: (310) 430-9933
Fax: (818) 484-2023
devin@devinfoklaw.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/05/2016** at 03:27:32 PM

Clerk of the Superior Court
By Cody Newlan,Deputy Clerk

## SAN DIEGO COUNTY SUPERIOR COURT
## CENTRAL DIVISION - HALL OF JUSTICE

VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,

          Plaintiff(s),

    vs.

KENTECH CONSULTING, INC., a foreign corporation doing business in California; ALERE, INC., a foreign corporation doing business in California; and DOES 1-10 inclusive,

         Defendants.

CASE NO. 37-2016-00004067-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT. 15 U.S.C. §1681 et seq.; CALIFORNIA LABOR CODE §432.7**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A**
9

Plaintiff JANE ROE (hereafter, "ROE" or "Plaintiff") complains against Defendants KENTECH CONSULTING, a foreign corporation doing business in California, (hereafter, "KENTECH"); SUNA SOLUTIONS, a California Corporation, (hereafter, "SUNA"); ALERE, INC., a foreign corporation doing business in California, (hereafter, "ALERE"); and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2.     Most employers are reluctant to hire people with conviction history.[2]

3.     Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before making an adverse employment decision based on a person's criminal record.[3]

---

[1]. NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal  (last visited on May 2, 2012); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).
[2] Harry Holzer, Steven Raphael & Michael A. Stoll, *Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles*, Nat'l Crim. J. Ref. Svs. (March 2003), *available at* https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.
[3] *See generally* Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq* (Apr. 25, 2012)., *available at* http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

-2-

4.    It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

5.    To further this compelling interest, Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that " consumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 USC §1681(a).

6.    The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. Under 15 USC §1681e(b), a background check company "shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." (Emphasis added).

7.    In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain ***strict procedures*** designed to insure that … [the information reported] is complete and up to date." 15 USC §1681k(a)(2) (emphasis added).

8.    Further, under the FCRA, 15 U.S.C. § 1681b(b)(3)(A), before taking any adverse employment action based in whole or in part on a consumer report, the person intending to take such adverse action must provide to the job applicant:

       a.    a copy of the consumer report;

       b.    a description in writing of the rights of the consumer under the FCRA; and

-3-

c.     a reasonable opportunity to dispute the information before rendering the adverse employment decision.

9.     After an adverse action occurs, the consumer job applicant must receive a second notice, mandated by 15 U.S.C. § 1681m(a). (Hereafter, Plaintiff will refer to the first of those notices as the "pre-adverse action notice," and the second as the "adverse action notice.")

10.     The reasons for the pre-adverse action notice requirement in employment situations are to alert the job applicant that he is about to be rejected based on the content of a report, and to give him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the employer before the job prospect is lost.

11.     The pre-adverse action notice requirement is unqualified. "Employers must comply with the pre-adverse action disclosure requirement even where the information contained in the consumer report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action." FTC, 40 years of Experience with the Fair Credit Reporting Act (July 2011), p. 53.

12.     This requirement makes sense because even where the applicant was justly denied employment, he would be informed that his criminal history was a factor in the employer's adverse employment decision, and would be motivated to seek various state remedies to expunge his criminal records. In California, this is called a dismissal pursuant to Penal Code § 1203.4.

13.     In connection with the procurement and issuance of Plaintiff's consumer report, none of these mandates were followed by the respective parties. As further described below, Plaintiff lost a valuable employment opportunity as a result of an inaccurate background check report that disclosed incomplete and outdated information. This compounded by the

-4-

employer defendant's failure to provide pre-adverse action notice, Plaintiff suffered significant financial harm and emotional distress.

## THE PARTIES

14.    Plaintiff is and at all times relevant herein was, a resident of the County of San Diego in the State of California.

15.    Plaintiff sues under a pseudonym to protect herself against additional abuse by employers and others persons.  If ordered by the Court, Plaintiff will submit a copy of this Complaint signed under her true name and under seal.

16.    Defendant KENTECH is a consumer reporting agency, and is and at all times herein mentioned was, a foreign corporation doing business in the State of California.

17.    SUNA is a staffing employment agency, and is and all times herein mentioned was a California corporation. A separate arbitration action has been filed against SUNA.

18.    Defendant ALERE is a global diagnostic device and service provider, and is at all times herein mentioned was, a foreign corporation doing business in the State of California.

19.    For purposes of the FCRA, KENTECH is a "consumer reporting agency" as defined under 15 USC §1681a(f) because they are "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

20.    A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing

-5-

on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for....employment." 15 USC §1681a(d) (emphasis added).

21.   KENTECH'S reports, including the background check report at issue in the present case, contain background information on consumers regarding their general reputation, character, mode of living or other personal characteristics. Among other things, KENTECH'S reports typically include information regarding criminal histories.

22.   KENTECH sells background check reports to, among others, prospective employers.

23.   SUNA and ALERE are corporations that regularly conduct business in San Diego County, California and are entities regulated under both the ICRAA and the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) as a user of consumer reports within the meaning of 15 USC §1681a(d) and/or investigative consumer reports within the meaning of Cal. Civ. C. §1786.2(c) for employment purposes.

24.   Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

25.   Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

26.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this

-6-

complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

27.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

28.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

29.    On or about September 2, 2007, Plaintiff was convicted of violation of Penal Code § 487(d)(1) PC for felony grand theft auto and sentenced to 3 years of formal probation including a restitution fine.

30.    On September 13, 2013, Plaintiff's conviction was dismissed pursuant to California Penal Code § 1203.4.

31.    On or about early January of 2013, Plaintiff applied for a job at ALERE in San Diego County.

32.    On or about January 31, 2014, Plaintiff was contacted by a human resource ("HR") personnel from ALERE for a telephone interview. During this phone interview, Plaintiff was told that there was a temporary to permanent job position opening, and that they wanted Plaintiff to start working for ALERE starting on February 3, 2014. During this phone interview, ALERE advised Plaintiff to go to SUNA, a staffing agency, and fill out the paperwork for the job position.

33.    Accordingly, Plaintiff went to SUNA and completed the paperwork for the job opening. On January 24, 2014, Plaintiff signed

-7-

SUNA's disclosure and authorization to obtain background check information forms, and started working at ALERE's jobsite on or about February 3, 2014.

34.    While working at ALERE, Plaintiff was told by one of ALERE's personnel that they were looking to hire a permanent employee and Plaintiff was encouraged to interview for the position.

35.    On or about February 10, 2014, Plaintiff had a four hour interview with ALERE'S recruiter, manager, and director of Human Resources for the permanent position. On the same day, February 10, 2014, SUNA made a request to KENTECH to furnish a background screening report of Plaintiff, and on February 11, 2014, KENTECH produced the background screening report of Plaintiff.

36.    On or about February 12, 2014, Plaintiff received a telephone call from SUNA and was advised not to return to work at ALERE because her background check report came out "negative." Plaintiff informed SUNA that there should not be anything on her background check report because she only had one conviction which had been expunged.

37.    Later the same day, on or about February 12, 2014, SUNA sent Plaintiff an email with an attachment titled "Adverse Action Notice" dated February 11, 2014, and a copy of Plaintiff's background check report.

38.    The background check report on Plaintiff furnished by KENTECH was inaccurate, incomplete, and outdated because it contained information regarding a conviction which had been expunged.

39.    Plaintiff contacted KENTECH by telephone and later filled out an online form on KENTECH's website informing KENTECH that the background check report furnished by KENTECH was erroneous because the conviction listed on her background check report had been expunged.

40.    KENTECH issued another background check report without the expunged conviction.

-8-

41.     After receiving the updated background check report from KENTECH, she contacted SUNA and told SUNA that her background check report had been corrected. Plaintiff asked SUNA to contact ALERE and inform them about her updated background check report.

42.     Plaintiff was advised by SUNA that SUNA would contact ALERE and let them know about Plaintiff's updated background check report.

43.     Subsequently, Plaintiff sent follow up emails to SUNA regarding the job position at ALERE and inquired whether SUNA had advised ALERE about her updated background check report.

44.     However, Plaintiff was informed by SUNA that the job position at ALERE had been filled and was no longer available. Hence, Plaintiff's employment opportunity with ALERE was lost.

45.     SUNA advised Plaintiff that her information would be kept on file. However, to date, SUNA has not contacted Plaintiff regarding any other job opportunities.

## KENTECH'S LIABILITY

46.     On or about February 10, 2014, the subject report was ordered by SUNA.

47.     On February 11, 2014, KENTECH used its *instant* background check product called "COPS 360 NATIONWIDE" to pull information from a third-party database.

48.     The database used was called "Public Record Indexes of Record Searches" or "P.R.I.O.R.S." which is comprised of criminal data compiled from *previously* ordered consumer reports which by the its nature frequently reflects outdated and inaccurate records that fail to capture recent dispositions including a recent expungement or dismissal of a criminal case.

-9-

49.    KENTECH was well-aware of this problem but nevertheless used this database for its instant background check product that it sells individually or in combination with an additional level of search called "County Validation."

50.    Information retrieved from this "P.R.I.O.R.S." database reflected Plaintiff's 2009 Felony Grand Theft conviction.

51.    However, because this information is outdated, it does not reflect the fact that the case had been expunged in 2013.

52.    With respect to Plaintiff, the only additional level of search involved no more than having a researcher go to San Diego County Superior Court's website and copying whatever information was accessible online.

53.    The additional search took no more than 5 minutes.

54.    Because of San Diego County Superior Court's policy, criminal case information other than the name of the criminal defendant and the case number is not publicly displayed through its website.

55.    Thus, the name of the underlying criminal charge, severity of the offense (*e.g.,* infraction/misdemeanor/felony), and disposition – including its subsequent expungement or dismissal are not displayed.

56.    Despite the fact that the FCRA, 15 U.S.C. §1681k(a)(2) requires **strict procedures** to ensure that the reported information to be "complete", KENTECH inquired no further.

57.    It simply left those important information blank including the disposition of the case which would have been "dismissed" because Plaintiff had her record expunged.

58.    It did not send any researcher to San Diego County Superior Court to copy physical records readily available at the San Diego County Superior Court's clerk's office.

59.    KENTECH returned the incomplete county level results combined with the outdated instant results from the P.R.I.O.R.S. database to

-10-

Plaintiff's employer SUNA and ALERE which resulted in Plaintiff's immediate termination.

60.    Moreover, before KENTECH may furnish a consumer report for employment purposes, 15 U.S.C. §1681b(b)(1)(A)(i) requires that it first receives retrospective certification from the user or employer of the report that *it has complied* with 15 U.S.C. §1681b(b)(2)(A)(i) by making a "clear and conspicuous" disclosure to the consumer "consisting solely" of the disclosure "that a consumer report may be obtained for employment purposes."

61.    Plaintiff is informed and believes and thereon alleges that rather than obtaining this retrospective certification, KENTECH utilized a one-time prospective, blanket certification from its users including SUNA and ALERE in furnishing its consumer reports including the report furnished on Plaintiff.

62.    As further described below, the 15 U.S.C. §1681b(b)(2)(A)(i) disclosure used to obtain Plaintiff's authorization was not a compliant disclosure and therefore, it was illegal for KENTECH to furnish a consumer report in the first instance.

63.    KENTECH'S practices and procedures described herein, affect and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or whose records are located in jurisdictions where their complete and up to date information are not readily available on the court's websites.

64.    In fact, a large number of jurisdictions in the United States including most of the superior courts in California do not disclose full and complete criminal records on its case access websites.

65.    Accordingly, Plaintiff believes class action in this context is appropriate.

## SUNA AND ALERE'S LIABILITY

-11-

66.    In connection with Plaintiff's employment and on or about January 24, 2014, SUNA and ALERE furnished a document entitled "DISCLOSURE AND AUTHORIZATION TO OBTAIN BACKGROUND INFORMATION" purporting to comply with 15 U.S.C. §1681b(b)(2)(A)(i).

67.    Despite the fact that the only permitted disclosure is a clear and conspicuous statement in a standalone disclosure that consist solely of the disclosure that "a consumer report may be obtained for employment purpose," the subject disclosure is a 5-page disclosure in small font includes not only all conceivable disclosures applicable under the FCRA but also those under California's background check statute called the Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. §1786 *et seq.*).

68.    Specifically, the subject disclosure includes but not limited to the following extraneous information:

a.    Statements that SUNA'S clients, including ALERE, would require, and have, access to Plaintiff's consumer report;

b.    A statement that a consumer report may include a credit report obtained for employment purposes from Experian, Trans Union, or Equifax—which directly contradicts California Labor Code §1024.5's general prohibition against the use of credit reports for employment purposes;

c.    A statement related to disclosure under 15 U.S.C. §1681d for whenever consumer information is obtained through personal interviews which was not the case here;

d.    An ambiguous statement related to Plaintiff's rights to receive a copy of the consumer report if SUNA takes adverse action against Plaintiff[4];

---

[4] Under the FCRA, 15 U.S.C. §1681b(b)(3), the report must be disclosed within a reasonable period before the taking of adverse action; and under the ICRAA, Cal. Civ. C. 1786.16(b)(1) requires a report to be

-12-

e.      California mandated disclosures under California Civil Code §1786.16(a)(2)(B) which are separately required in its own standalone disclosure;

f.      The use of the term "investigative consumer report" is extremely problematic in a disclosure form that purports to combine all of the disclosures under the FCRA and ICRAA because the same term has different meanings in its respective statutes.

g.      Disclosures related to 15 U.S.C. §1681g relating to a consumer's right to obtain his/her report directly from the consumer reporting agency;

h.      Disclosures related to 15 U.S.C. §1681i relating to the consumer's right to dispute the information with the consumer reporting agency;

i.      Disclosures related to 15 U.S.C. §1681a(y)(2) related to adverse action taken as a result of suspicion of an employee's misconduct or wrong doing;

j.      A 2-page section where Plaintiff was required to input various personally identifying information; and

k.      A section where Plaintiff was required to state whether she has ever been discharged from employment; and whether she has ever been convicted of a felony or misdemeanor offense.

69.    All of the above-described extraneous additions to the form stretched what should be a simple disclosure form to five pages of eye straining typeface writing. (*See Jones v. Halstead Mgmt. Co.*,2015 U.S. Dist. LEXIS 12807, *19 [finding a similar authorization form in willfull/reckless violation of 15 U.S.C. §1681b(b)(2)(A)(i) in ruling on a motion to dismiss]).

disclosed within 3 days of receipt by the employer if the applicant so elects or following the taking of adverse action pursuant to Cal. Civ. C. 1786.40(a) regardless of whether the election was made.

-13-

70.    More egregiously, despite certifying that it will comply with 15 U.S.C. §1681b(b)(3) and provide consumers with pre-adverse action notice prior to taking adverse action, SUNA and ALERE nevertheless terminated Plaintiff on the same day that the KENTECH report was received on February 11, 2014.

71.    By a correspondence dated the same date and entitled "Adverse Action Notice," SUNA sent Plaintiff a letter informing her that "we find it necessary to rescind our previous offer of employment." "This decision was based in whole or in part, on the information provided us in a Consumer Report or Investigative Consumer Report."

72.    The subject report was attached to this letter.

73.    Neither SUNA nor ALERE ever sent Plaintiff a pre-adverse action notice. Despite the fact that Plaintiff promptly disputed the information and had KENTECH issue a new clean report omitting the criminal conviction expunged or dismissed pursuant to Cal. Pen. C. §1203.4., neither SUNA nor ALERE ever rehired Plaintiff.

74.    Effective January 1, 2014, California Labor Code §432.7 was amended to expressly prohibit from any employer from utilizing a criminal conviction dismissed pursuant to Cal. Pen. C. §1203.4 in determining any condition for employment including "hiring, promotion, termination…"

75.    California employers are further prohibited to seek "from any source whatsoever" any conviction that has been dismissed pursuant to Cal. Pen. C. §1203.4. (Cal. Lab. C. §432.7(a)).

76.    Although page 5 of the disclosure form, asks the applicant whether s/he has been convicted or misdemeanor by any court, it does not expressly requests the applicant from refraining disclosure of convictions expunged or dismissed pursuant to Cal. Pen. C. §1203.4.

77.    By not providing Plaintiff with a reasonable opportunity to dispute the information and by terminating Plaintiff on the basis of a

-14-

conviction that has already been dismissed or expunged, SUNA AND ALLERE caused damages to Plaintiff.

## CLASS ACTION ALLEGATIONS

78.    KENTECH'S practices and procedures described herein affected and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, and consumers who have been found not guilty of the charges leveled against them.

79.    ALERE's and SUNA's practices and procedures described herein also affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of information in consumer reports.

80.    Plaintiff brings this action individually and as a class action on behalf of three putative subclasses defined as follows:

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH for employment purposes, and for whom KENTECH did not receive a retrospective certification that the user *has complied* with 15 U.S.C. §1681b(b)(2)(A) in the two years preceding the filing of this complaint until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 1."

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH for employment purposes, and whose report contained any negative public

-15-

record of criminal arrest, charge, or conviction, and whose report omits one or more of the following information: "type", "offense"; "disposition"; "disposition date"; "offense date"; "sentencing" during the five years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 2."

All natural persons within the United States who were the subject of a consumer report including information retrieved from the "P.R.I.O.R.S." database and furnished to a third party by KENTECH for employment purposes, and for whom who were not sent a contemporaneous notice of the disclosure of public record information during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 3."

All natural persons residing in the United States who were the subject of a consumer report prepared at the request of ALERE for employment purposes, and who were provided a disclosure similar to those referenced in this complaint during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 4."

All natural persons residing in the United States who were the subject of a consumer report prepared at the request of ALERE for employment purposes, and who were subject to an adverse employment action based on that report during the five years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as

-16-

1    "Subclass 5."

2

3    81.    The Class is so numerous that joinder of all members is
4    impracticable. Although the precise number of Class members is known only
5    to KENTECH, ALERE AND SUNA, Plaintiff is informed and believes and
6    on that basis alleges that each subclass is comprised of hundreds or thousands
7    of consumers. KENTECH sells criminal history record information to
8    thousands of businesses throughout the country, and its reports to such
9    businesses are standardized, form documents, produced by the same online
10   system, practices and procedures applicable to all subjects of the reports.
11   ALERE and SUNA regularly obtain and use information in consumer reports
12   to conduct background checks on prospective employees and existing
13   employees, and frequently rely on such information, in whole or in part, as a
14   basis for adverse employment action. Plaintiff is informed and believes that,
15   during the relevant time period, ALERE AND SUNA failed to provide pre-
16   adverse action notice to thousands of employees and prospective employees.
     The size of each proposed subclasses meet the numerosity requirement

17   82.    The identities of the individual Class members should be readily
18   ascertainable from Defendants' records. Notice may be mailed to Class
19   members using the public record information in Defendants' files.

20   83.    There is a significant community of interest among putative
21   Subclass 1 to 3 members, as there are questions of law and fact common to
22   Subclass 1 to 3 that predominate over any questions affecting only individual
23   Class Members. Those questions include:

24           a.    whether KENTECH violated 15 U.S.C. § 1681k(a)(1) by
25                 failing to notify consumers contemporaneously of the fact that
26                 criminal record information was being sent to prospective
27                 employers;

28

                                -17-

b.    whether KENTECH violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date;

c.    whether KENTECH violated section 15 U.S.C. § 1681e(b) by failing to adopt, maintain and follow reasonable procedures that assured maximum possible accuracy of the information concerning the individuals about whom the reports relate;

d.    whether KENTECH violated section 15 U.S.C. §1681b(b)(1)(A)(i) by furnishing a consumer report for employment purposes without first obtaining a certification from the person obtaining the report that the person has complied with 15 U.S.C. §1681b(b)(2);

e.    whether those violations were reckless, intentional, willful, or malicious.

84.    There is a significant community of interest among putative Subclass 4 and Subclass 5 members, as there are questions of law and fact common to Subclass 4 and Subclass 5 that predominate over any questions affecting only individual Class Members. Those questions include:

85.    whether ALERE violated 15 USC §1681b(1)(A)(ii), failing to use reasonable procedures to ensure compliance with the certification required under 15 USC §1681b(1)(A)(ii) by using information in a background check report impermissibly, in violation of Federal or State equal employment opportunity laws or regulations;

a.    whether ALERE violated 15 U.S.C. §1681b(b)(3)(A), failing to provide pre-adverse action notice to consumers before taking adverse action based in whole or in part on a consumer report;

-18-

b.      whether ALERE violated 15 U.S.C. §1681b(b)(2)(A) for failing to provide a clear and conspicuous disclosure made in writing to the consumer at any time before a consumer report is procured or caused to be procured, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes;

c.      whether those violations were intentional, reckless, willful, or malicious.

86.    Plaintiff's claims are typical of the claims of each subclass, which arise from the same operative facts and are based on the same legal theories.

87.    Plaintiff will fairly and adequately protect the interests of each subclass. Plaintiff is committed to vigorously litigating this matter and has no conflict with each subclass. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

88.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of members of each subclass in individually controlling the prosecution of separate claims against KENTECH and ALERE is small, as the maximum statutory damages recoverable by any one subclass member is limited to $1,000.00 under the FCRA. Management of the class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

## FIRST CAUSE OF ACTION
### (Violation of 15 United States Code §1681b(b)(2)(A) against KENTECH and DOES 1-5)
### (on behalf of Plaintiff and Subclass 1)

-19-

89.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

90.    Plaintiff is informed and believes, and thereon alleges that KENTECH furnished Plaintiff's consumer report and those similarly situated without first receiving a retrospective certification that the user of the consumer report has complied with 15 U.S.C. §1681b(b)(2)(A).

91.    Rather, despite the clear language of the FCRA, KENTECH received a one-time prospective, blanket certification from each user in connection with executing the initial service agreement between KENTECH and recipients of consumer reports.

92.    KENTECH's violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

93.    KENTECH's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this Court.

//

//

//

## SECOND CAUSE OF ACTION

### (Violation of 15 United States Code §1681k(a) against KENTECH and DOES 1-5)

### (on behalf of Plaintiff and Subclasses 2 and 3)

94.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

95.    When public records information that has an adverse impact on a consumer's ability to obtain employment is reported, KENTECH must use

-20-

"strict procedures" to ensure that the information reported is "complete and up to date." 15 USC §1681k(a)(2).

96.    These statutory requirements have been unchanged since the enactment of the FCRA more than 40 years ago and Plaintiff believes that KENTECH is well-aware of the statutory mandates.

97.    Plaintiff's criminal records are publicly and readily available through the California court systems.

98.    Plaintiff is informed and believes that KENTECH nevertheless failed to visually inspect, copy, or analyze the readily-available information in reckless disregard of the clear statutory mandate to use "strict procedure" in providing complete and up to date background check reports that will have a detrimental impact on a consumer's ability to obtain employment.

99.    In San Diego County where Plaintiff's records are located, the cost per page for obtaining copies of court documents is $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided accurate, complete and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

100.    Upon information and belief, KENTECH has not, and currently do not, follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

101.    Specifically, KENTECH failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff, which led to the inaccuracies in Plaintiff's reports.

102.    Moreover, at all times relevant herein, KENTECH did not and does not provide contemporaneous notice that public record information is reported to the user of consumer report together with the name and address of the person to whom such information is being reported.

-21-

103. KENTECH's violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

104. KENTECH's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

## THIRD CAUSE OF ACTION

### (Violation of 15 United States Code §1681b(2)(A)(i) against Defendant ALERE; and DOES 6-10)

### (on behalf of Plaintiff and Subclasses 4 and 5)

105. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

106. ALERE recklessly, willfully, and/or intentionally violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to provide clear and conspicuous disclosure consisting solely of the disclosure that a consumer report may be obtained for employment purposes prior to procuring consumer reports on Plaintiff and those similarly situated.

107. ALERE'S violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

108. ALERE's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

## FOURTH CAUSE OF ACTION

-22-

**(Violation of 15 USC §1681b(b)(3)(A) against Defendant ALERE; and**

**Does 6-10)**

**(on behalf of Plaintiff and Subclasses 6 and 7)**

109. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

110. ALERE violated the FCRA, by failing to provide Plaintiff a pre-adverse action notice before taking adverse action, based in whole or in part on Plaintiff's consumer report.

111. ALERE'S violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

112. ALERE's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

//
//
//
//

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §432.7(a) against Defendant**

**ALERE; and DOES 6-10)**

**(on behalf of Plaintiff individually)**

113. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

-23-

114.  Defendants violated California Labor Code §432.7(a) by taking adverse action against Plaintiff on the basis of a conviction which was dismissed pursuant to Penal Code §1203.4.

115.  Pursuant to Cal. Lab. C. §432.7(c), Plaintiff is entitled to actual or statutory damages of not less than $200 for each and every one of these violations plus costs and reasonable attorney's fees.

116.  In addition, Defendants intentionally violated Cal. Lab. C. §432.7(a) because, *inter alia*, they were on notice that her conviction had been expunged.

117.  As a result of Defendants' intentional violation, Plaintiff is entitled to treble actual damages or $500, whichever is greater, plus costs, and reasonable attorney's fees.

118.  Pursuant to Lab. C. §432.7(d), these remedies are in addition to, and not in derogation of any other rights and remedies under any other law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. As to all class-wide claims:
   a. For a declaration that Defendants' practices violate the FCRA, 15 USC §1681 *et seq.*;
   b. For statutory, compensatory, special, general and punitive damages according to proof and as applicable against all Defendants;
   c. For interest upon such damages as permitted by law;
   d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
   e. For the costs of suit;

-24-

f.  For injunctive relief as applicable; and

g.  For such other orders of the Court and further relief as the Court deems just and proper.

2.  As to her individual claim under Cal. Lab. C. § 432:

a.  For a declaration that Defendants' practices violated the statute;

b.  For statutory, compensatory, special, general and punitive damages according to proof and as applicable against all Defendants;

c.  For interest upon such damages as permitted by law;

d.  For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e.  For the costs of suit;

f.  For injunctive relief as applicable; and

g.  For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: February 5, 2016          DEVIN H. FOK ESQ.

**DHF LAW, P.C.**

By: _____

Devin H. Fok

Attorney for Plaintiff and the proposed class

-25-

U.S. POSTAGE
PAID
PASADENA,CA
91101
FEB 10, 16
AMOUNT

$2.30

00102898-14

UNITED STATES
POSTAL SERVICE®

1000      60654

**DHF Law, P.C.**

**Devin H. Fok, Esq.**
234 E. Colorado Blvd., 8th Floor
Pasadena, California 91101

**Kentech Consulting, Inc.**
520 W. Erie St.
Chicago, IL 60654

EXHIBIT A
34