**DHF LAW, P.C.**
Devin H. Fok, Esq. (SBN #256599)
    devin@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Phone: (888) 651-6411
Fax: (818) 484-2023

**LAW OFFICE OF JOSEPH LEE**
Joseph Lee, Esq. (SBN#249435)
    joseph@lawjoelee.com
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: (626) 474-1120
Fax: (626) 899-4788

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, individually, and as a representatives of the class,<br><br>        Plaintiffs,<br>   vs.<br><br>KENTECH CONSULTING, INC. *et al.*<br><br>        Defendants. | CASE NO.: 3:16-CV-00662 DMS-WVG<br>**PLAINTIFF'S MOTION TO LIFT STAY**<br><br>Judge: Hon. Dana M. Sabraw<br>Courtroom: 13A<br><br>Hearing Date: June 25, 2021<br>Time: 1:30pm<br>Location: Courtroom 13A |

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.  INTRODUCTION**

Plaintiff Virginia Abrogina ("Plaintiff") was terminated from employment based on an erroneous criminal background check report issued by Defendant Kentech Consulting, Inc. ("Defendant" or "Kentech"). The Fair Credit Reporting Act ("FCRA" 15 U.S.C. §1681[1] *et seq.*) mandates that the employers such as Alere Inc. ("Alere") and Suna Solutions Inc. ("Suna") provide consumers with a copy of the report as well as a reasonable opportunity to dispute the information before the job is lost. *See* 15 §USC 1681b(b)(3).[2]

On or about June 28, 2016, this Court ordered a stay pending the resolution of the arbitration action against Suna. The Plaintiff, and Defendants Alere and Suna have agreed to settle and are working on getting the settlement agreement fully executed. Plaintiff anticipates that the settlement agreement will be fully executed shortly. As such, the only party remaining in this action will be Kentech. Accordingly, Plaintiff files this motion requesting this Court to lift its stay and allow the action to proceed against Kentech.

Plaintiff's claims against Defendants Alere and Suna were procedural in nature – that Defendants failed to provide adequate notice and a reasonable opportunity to dispute the information. The claims against Kentech are entirely different – Kentech failed to use reasonable and/or strict procedures to ensure that its reports are accurate, complete, and up to date.

//
//

---

[1] All references will be to Title 15 of the United States Code unless specified otherwise.
[2] Plaintiff alleges class claims against Alere in this action but separately filed an arbitration action against Suna due to the existence of an arbitration agreement.

1

## II. CONCLUSION

Since the main thrust of the case against Kentech relates primarily with their internal procedures, and moreover, as the Plaintiff and Defendants Alere and Suna have agreed to settle and are working on getting the settlement agreement fully executed, there is no longer any basis to maintain the stay. Accordingly, Plaintiff respectfully requests this Court to lift its stay order dated June 28, 2016, and schedule a case management conference at the Court's earliest convenience.

DATED: May 4, 2021              Respectfully submitted,

**LAW OFFICE OF JOSEPH LEE**

By: ___/s/ Joseph Lee_____
     Joseph Lee

**DHF LAW, P.C.**
Devin Fok

Attorneys for Plaintiff

### **E-FILING ATTESTATION**

By his signature below, counsel for Plaintiff attests that he has on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document and any document e-filed concurrently herewith.

DATED: May 4, 2021                                    **LAW OFFICE OF JOSEPH LEE**

                                           By: ___/s/ Joseph Lee_____
                                                Joseph Lee