DHF Law, APC
Devin Fok (SBN #256599)
    devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
    ainat@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Phone: (888) 651-6411
Fax: (818) 484-2023

LAW OFFICE OF JOSEPH LEE
Joseph Lee, Esq. (SBN#249435)
    joseph@lawjoelee.com
1055 E. Colorado Blvd., Suite 500
Pasadena, CA 91106
Phone: (626) 474-1120
Fax: (626) 899-4788

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>KENTECH CONSULTING, INC., a foreign corporation doing business in California;<br>BACKGROUNDCHECKS.COM, a limited liability company doing business in California; and DOES 1-10 inclusive,<br>          Defendants. | **CASE NO. 16-CV-0662-DMS-WVG**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT. 15 U.S.C. §1681 ET SEQ.; CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT ("ICRAA") CAL. CIV. C. §1786 ET SEQ.; CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff VIRGINIA ABROGINA (hereafter, "ABROGINA" or "Plaintiff") complains against Defendants KENTECH CONSULTING, INC. a foreign corporation doing business in California, (hereafter, "KENTECH"); BACKGROUNDCHECKS.COM, a limited liability company doing business in California, (hereafter, "BGC") and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.    It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2.    Most employers are reluctant to hire people with conviction history.[2]

3.    Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before making an adverse employment decision based on a person's criminal record.[3]

4.    It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

---

[1]. NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), at 3. See also SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), located at http://www.slideshare.net/shrm/background-check-criminal  (last visited on May 2, 2012); Ben Geiger, Comment: The Case for Treating Ex-Offenders as a Suspect Class, 94 CAL. L. REV. 1191, 1193 (2006).
[2] Harry Holzer, Steven Raphael & Michael A. Stoll, Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles, Nat'l Crim. J. Ref. Svs. (March 2003), available at https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.
[3] See generally Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq (Apr. 25, 2012)., available at http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

5.     To further this compelling interest, Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that " consumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 USC §1681(a).

6.     The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date.

7.     Under 15 USC §1681e(b), a background check company "shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." (Emphasis added).

8.     In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain ***strict procedures*** designed to insure that … [the information reported] is complete and up to date." 15 USC §1681k(a)(2) (emphasis added).

9.     However, despite these mandates, KENTECH sells information contained in P.R.I.O.R.S. databases. Plaintiff is informed and believes, and thereon alleges that the P.R.I.O.R.S. consists of Public Record Indexes of Record Searches. It is a database comprised of information compiled from previously ordered county, state, and federal criminal searches.

10.    In other words, KENTECH sells second-hand background check report information which KENTECH knew, or must have known was likely to be outdated.

-3-

11.     Indeed, the outdated information contained in the P.RI.O.R.S. database did not disclose Plaintiff's recent dismissal of her criminal record under Cal. Pen. C. §1203.4.[4]

12.     Plaintiff is informed, and believes, and thereon alleges that the P.R.I.O.R.S. database is owned and/or managed, controlled by Defendant BACKGROUNDCHECKS.COM (hereafter as "BGC").

13.     Plaintiff has never given permission to BGC to obtain or sell criminal reports previously ordered on Plaintiff.

14.     In connection with Plaintiff's employment screening, KENTECH conducted a county level search of Plaintiff's criminal records. KENTECH disclosed a criminal record purportedly belonging to Plaintiff. However, KENTECH omitted virtually all material information related to the case including the name of the offense, the severity of the crime, the disposition, disposition date, and sentencing information. The only information disclosed in connection with this criminal record was Plaintiff's name and case number.

15.     No reasonable reading of 15 USC §1681k(a)(2) requiring ***"strict procedures"*** to ensure that the reported information is complete and up to date allows KENTECH to sell second-hand criminal records and to disclose information related to a criminal case while omitting the name of the offense, the severity of the crime, the disposition, disposition date, and sentencing information.

16.     Thus, KENTECH's violation of the FCRA was willful and, at a minimum, reckless. KENTECH could have implemented procedures that prohibited the disclosure of criminal records information that omitted material information such as the name of the offense, the severity of the offense, the disposition, the disposition date, or the sentence imposed.

17.     KENTECH's willful violation of the FCRA caused Plaintiff to be terminated from employment.

---

[4] Colloquially known as "expungement."

-4-

**PARTIES**

18.    Plaintiff is and at all times relevant herein was, a resident of the County of San Diego in the State of California.

19.    Defendant KENTECH is a consumer reporting agency, and is and at all times herein mentioned was, a foreign corporation doing business in the State of California.

20.    Defendant BGC, is a consumer reporting agency, and is and at all times herein mentioned is and was, a foreign limited liability company doing business in the State of California.

21.    For purposes of the FCRA, KENTECH and BGC are "consumer reporting agencies" as defined under 15 USC §1681a(f) because they are "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing ***consumer reports***." (Emphasis added).

22.    A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, ***character, general reputation, personal characteristics, or mode of living*** which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for….employment." 15 USC §1681a(d) (emphasis added).

23.    KENTECH'S reports, including the background check report at issue in the present case, contain background information on consumers regarding their general reputation, character, mode of living or other personal

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

characteristics. Among other things, KENTECH'S reports typically include information regarding criminal histories.

24.     KENTECH sells background check reports to, among others, prospective employers.

25.     BGC assembled and provided incomplete, outdated, and inaccurate criminal background information and provided it to KENTECH.

26.     Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

27.     KENTECH initially indicated through its verified discovery response that the source of criminal information for Plaintiff's background check report was BGC and SECURITEC.

28.     KENTECH then retracted their statement during the meet and confer process claiming that the source of criminal information on Plaintiff's background check report was only BGC. Accordingly, Plaintiff believes, and thereon alleges that the information contained in the P.R.I.O.R.S. database is owned by BGC.

29.     KENTECH claims it has no knowledge regarding the proprietors of P.R.I.O.R.S database. If through further discovery, Plaintiff discovers that the source of information on Plaintiff's consumer report was also from P.R.I.O.R.S database or from SECURITEC, Plaintiff intends to amend her Complaint to add additional claims against SECURITEC, and the proprietors of the P.R.I.O.R.S. database who is currently a DOE Defendant whose true identity is unknown to Plaintiff at this time and will likely be discovered through service of written interrogatories on Defendant BGC.

30.     Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

31.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

32.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

33.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

34.    On or about January 6, 2009, Plaintiff was convicted of violation of Penal Code § 487(d)(1) PC for felony grand theft auto and sentenced to 3 years of formal probation including a restitution fine.

35.    On September 13, 2013, Plaintiff's conviction was dismissed pursuant to California Penal Code § 1203.4. A redacted copy of the dismissal order is attached as **Exhibit 1**. This is commonly referred to by the courts and practiioners as "expungement." *See Stephens v. Toomey,* 51 Cal.2d 864, 870 (1959) (referring to Pen. C. §1203.4 as "statutory rehabilitation" where "the proceedings be expunged from the record and the case dismissed")[5].

36.    On or about early January of 2014, Plaintiff applied for a job at ALERE, Inc. in San Diego County.

---

[5] Though not a true "expungement" in the sense of a total eradication of the court record, the courts as well as practitioners have continued to refer to this statutory provision and no other as an "expungement" of a conviction.

37.     ALERE referred Plaintiff to a staffing agency – SUNA - to complete the hiring process.  As a result, on the same day, February 10, 2014, SUNA made a request to KENTECH to furnish a background screening report of Plaintiff, and on February 11, 2014, KENTECH produced the background screening report of Plaintiff to ALERE and/or SUNA.

38.     As a result of KENTECH's background check report and the criminal history information assembled by BGC, on or about February 12, 2014, Plaintiff was terminated.

39.     The background check report on Plaintiff furnished and assembled by KENTECH and BGC was inaccurate, incomplete, outdated and duplicative, because it contained information regarding a conviction which had been expunged/dismissed under Cal. Pen. C. §1203.4, and furthermore, reported the same criminal history information twice in different parts of the report making it appear that Plaintiff had two prior convictions

40.     Plaintiff contacted KENTECH by telephone and later filled out an online form on KENTECH's website informing KENTECH that the background check report furnished by KENTECH was erroneous because the conviction listed on her background check report had been expunged.

41.     KENTECH issued another background check report without the expunged conviction.

42.     However, Plaintiff was never rehired.

### KENTECH'S LIABILITY

43.     On or about February 10, 2014, the subject background check report was, in whole or in part, procured or caused to be procured by ALERE.

44.     On February 11, 2014, KENTECH used its *instant* background check product called "COPS 360 NATIONWIDE" to pull information from a

-8-

third-party database called P.R.I.O.R.S. A true and correct copy of the report is attached hereto as **Exhibit 2 (redacted).**

45.     The database indicated on Plaintiff's report by KENTECH indicates "Public Record Indexes of Record Searches" or "P.R.I.O.R.S." which is comprised of criminal data compiled from ***previously*** ordered consumer reports. KENTECH claims that the information from P.R.I.O.R.S database was obtained from BGC in its verified discovery responses. As BGC'S database used by KENTECH is compiled from ***previously*** ordered consumer reports, KENTECH's reports, as expected, frequently reflect outdated and inaccurate information that fail to capture recent dispositions, including recent expungements or dismissals of criminal cases.

46.     In other words, KENTECH uses a database company that resells "***used***" consumer reports previously sold to third parties months or even years ago on the same consumer, and reports it in a duplicative manner making single conviction, charge, or arrest appear to be more than one.

47.     By the very nature of using a database consisting of previously sold consumer reports, KENTECH was well-aware that KENTECH's consumer reports would often reflect outdated and inaccurate information. However, KENTECH nevertheless used this database for its instant background check product and sold it individually or in combination with an additional level of search called "County Validation."

48.     By the very nature of assembling and maintaining a database consisting of inaccurate, outdated and incomplete criminal information, and selling that information to other consumer reporting agencies, BGC was well-aware that the consumer reports furnished to third parties based on information from its database would result in inaccurate, outdated and incomplete consumer reports causing harm to consumers. Nevertheless, BGC continued to maintain and sell information from its database to other consumer reporting agencies.

-9-

49.     Information retrieved from "P.R.I.O.R.S." and BGC's database reflected Plaintiff's 2009 Felony Grand Theft conviction.

50.     However, because this information is outdated, the report did not reflect the fact that the case had been expunged in 2013.

51.     With respect to Plaintiff, the only additional level of search that KENTECH did was no more than having a researcher go on the San Diego County Superior Court's website and copy whatever information was available online.

52.     This cursory online search could not have taken more than 5 minutes because pursuant to San Diego County Superior Court's policy, the only criminal case information available to the public through its website is the name of the criminal defendant and the case number.

53.     Thus, the name of the underlying criminal charge, severity of the offense (*e.g.,* infraction/misdemeanor/felony), and disposition – including its subsequent expungement or dismissal are not displayed on the website. A true and correct copy of the available information related to Plaintiff's 2009 conviction through the San Diego County Superior Court's website is attached hereto as **Exhibit 3.**

54.     Despite the fact that the FCRA, 15 U.S.C. §1681k(a)(2) requires consumer reporting agencies to maintain *strict procedures* to ensure that the information being reported is "complete and up to date", KENTECH inquired no further.

55.     Moreover, although the FCRA 15 U.S.C §1681e(b) requires consumer reporting agency, when it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, KENTECH used an outdated database, as mentioned *supra*, comprised of criminal data compiled from previously ordered consumer reports and thereby by the very nature is not up to date.

56.     Furthermore, KENTECH simply left the fields related to: "Type"; "Disposition"; "Offense"; "Disposition Date"; and other fields in the Plaintiff's background check report blank. No reasonable consumer reporting agency could permit its researchers to copy blank fields "as is" and resell the same information to a consumer's employer.

57.     Furthermore, KENTECH did not send any researcher to San Diego County Superior Court to copy physical records readily available at the San Diego County Superior Court's clerk's office.

58.     Ultimately, KENTECH took the incomplete county level results from the court's website and combined it with the outdated instant results from BGC's database about Plaintiff, and provided it to SUNA and ALERE which resulted in Plaintiff's immediate termination caused to be made by ALERE.

59.     KENTECH'S practices and procedures described herein, affect and continue to harm Plaintiff and other consumers.

## BGC'S LIABILITY

60.     Plaintiff's consumer report which was produced by KENTECH indicates P.R.I.O.R.S database. However, in KENTECH's verified discovery responses, KENTECH asserted that the source of information for criminal history information on Plaintiff's consumer report was BGC.

81. As discussed supra, Defendant BGC is a consumer reporting agency, that assembles and maintains collection of public record information including criminal history, and provides this information to third parties. Plaintiff believes that BGC assembled and maintained incomplete, outdated, and inaccurate criminal background information which was provided to KENTECH and to other third parties. Despite the fact that the FCRA, 15 U.S.C. §1681k(a)(2) requires consumer reporting agencies to maintain **strict**

-11-

*procedures* to ensure that the information being reported is "complete and up to date" Plaintiff believes and thereon alleges BGC assembled inaccurate, incomplete and outdated criminal history information and provided to KENTECH and to other third parties.

61.    Although the FCRA 15 U.S.C §1681e(b) requires consumer reporting agency, when it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, Plaintiff believes and thereon alleges BGC assembled inaccurate, incomplete and outdated criminal history information and provided to KENTECH and to other third parties.

## CLASS ACTION ALLEGATIONS

62.    BGC and KENTECH'S practices and procedures described herein, affected and continue to harm Plaintiff and other consumers who have negative criminal history, including but not limited to whose records are located in jurisdictions where their complete and up to date information are not readily available on the court's websites.

63.    BGC and KENTECH's practices and procedures described herein affected and continue to harm Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, and consumers who have been found not guilty of the charges leveled against them.

64.    Plaintiff brings this action individually and as a class action on behalf of six (6) putative subclasses defined as follows:

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH, and whose report contained any public record of criminal arrest, charge, or

-12-

conviction, and whose report omits one or more of the following information: "type", "offense"; "disposition"; "disposition date"; "offense date"; "sentencing" during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 1."

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH for employment purposes, and whose report contained any public record of criminal arrest, charge, or conviction, and whose report omits one or more of the following information: "type", "offense"; "disposition"; "disposition date"; "offense date"; "sentencing" during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 2."

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH whereby the consumer disputed and the dispute was resolved in the consumer's favor, during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 3."

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH for employment purposes and whose report consisted of public records information obtained from BGC, consisting of criminal data compiled from previously ordered consumer reports, and whereby the consumer disputed and the dispute was resolved in the consumer's favor, during

-13-

the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 4."

All natural persons within the United States who were the subject of a consumer report furnished to a third party by KENTECH, whose report contained any public record of criminal arrest, charge, or conviction disclosed under both its "COPS 360" and  "Investigative" or "County Validation" products during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 5."

All natural persons within the United States who were the subject of a consumer report for employment purposes furnished to a third party by KENTECH, whose report contained any public record of criminal arrest, charge, or conviction disclosed under both its "COPS 360" and "Investigative" or "County Validation" products during the two years preceding the filing of this action until final resolution of this action. Such natural persons are hereinafter referred to collectively as "Subclass 6."

65.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to KENTECH and BGC, Plaintiff is informed and believes and on that basis alleges that each subclass is comprised of hundreds or thousands of consumers. KENTECH and BGC sells criminal history record information to numerous businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same online system, practices and procedures applicable to all subjects of the reports. Third parties regularly

-14-

obtain and use information from BGC and/or KENTECH to conduct background checks on prospective employees, existing employees and consumers, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff believes that, during the relevant time period, KENTECH'S consumer reports that were furnished to numerous third parties caused harm to so many consumers. the size of each proposed subclasses meet the numerosity requirement

66.     The identities of the individual Class members should be readily ascertainable from Defendants' records. Notice may be mailed to Class members using the public record information in Defendants' files.

67.     There is a significant community of interest among putative Subclass 1 to 6 members, as there are questions of law and fact common to Subclass 1 to 6 that predominate over any questions affecting only individual Class Members. Those questions include:

a.     whether KENTECH violated 15 U.S.C. § 1681k(a)(1) by failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers;

b.     whether KENTECH and BGC violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures to assure that the criminal record information furnished to third parties is complete and up-to-date;

c.     whether KENTECH and BGC violated 15 U.S.C. 1681e(b), by disclosing inaccurate, outdated, incomplete information,;

-15-

d.    whether KENTECH and BGC violated 15 U.S.C. 1681e(b), by disclosing the same information more than one time in a single report thereby misleading the a third party as to the total number of criminal records attributable to the consumer.

e.    whether those violations were reckless, intentional, willful, or malicious.

68.    Plaintiff's claims are typical of the claims of each subclass, which arise from the same operative facts and are based on the same legal theories.

69.    Plaintiff will fairly and adequately protect the interests of each subclass. Plaintiff is committed to vigorously litigating this matter and has no conflict with each subclass. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

70.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of members of each subclass in individually controlling the prosecution of separate claims against KENTECH and BGC is small, as the maximum statutory damages recoverable by any one subclass member is limited to $1,000.00 under the FCRA. Management of the class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

## FIRST CAUSE OF ACTION

## (Violation of 15 United States Code §1681k(a) against KENTECH and BGC)

71.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

-16-

72.     When public records information that has an adverse impact on a consumer's ability to obtain employment is reported, KENTECH and BGC must use "strict procedures" to ensure that the information reported is "complete and up to date." 15 USC §1681k(a)(2).

73.     These statutory requirements have been unchanged since the enactment of the FCRA more than 40 years ago and Plaintiff believes that KENTECH AND GBC is well-aware of the statutory mandates.

74.     Plaintiff's criminal records are publicly and readily available through the California court systems.

75.     Plaintiff is informed and believes that KENTECH and BGC nevertheless failed to visually inspect, copy, or analyze the readily-available information in reckless disregard of the clear statutory mandate to use "strict procedure" in providing complete and up to date information that will have a detrimental impact on a consumer's ability to obtain employment.

76.     In San Diego County where Plaintiff's records are located, the cost per page for obtaining copies of court documents was $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided accurate, complete, and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

77.     Moreover, at all times relevant herein, KENTECH AND BGC did not and does not provide contemporaneous notice that public record information is reported to the user of consumer report together with the name and address of the person to whom such information is being reported.

78.     KENTECH AND BGC's violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

79.     KENTECH and BGC's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

## SECOND CAUSE OF ACTION

**(Violation of 15 United States Code §1681e(b) against KENTECH AND BGC)**

80.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

81.     KENTECH and BGC, recklessly, willfully, and/or intentionally violated 15 U.S.C  §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information when preparing their consumer reports, as discussed supra.

82.     KENTECH and BGC's violations were willful or reckless because they were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

83.     KENTECH and BGC's violations entitle Plaintiff to damages pursuant to 15 U.S.C 1681n including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

## THIRD CAUSE OF ACTION

**(Violation of Cal. Civ. C. §1786.28(b) against KENTECH and BGC)**

84.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

85.     Similar to the FCRA, the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. C. §1786.28(b) mandates that a background check company or "investigative consumer reporting agency"

-18-

must use "strict procedures" to ensure that the information reported is "complete and up to date." 15 USC §1681k(a)(2).

86.     The ICRAA was enacted 5 years after the FCRA in 1975. Since then, the statutory requirements have been unchanged and Plaintiff believes that KENTECH AND BGC is well-aware of the statutory mandates.

87.     Plaintiff's criminal records are publicly and readily available through the California court systems.

88.     Plaintiff is informed and believes that KENTECH and BGC nevertheless failed to visually inspect, copy, or analyze the readily-available information in reckless disregard of the clear statutory mandate to use "strict procedure" in providing complete and up to date information that will have a detrimental impact on a consumer's ability to obtain employment.

89.     In San Diego County where Plaintiff's records are located, the cost per page for obtaining copies of court documents was $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided accurate, complete, and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

90.     KENTECH AND BGC's violations were willful or reckless because KENTECH was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

91.     KENTECH and BGC's violations entitle Plaintiff to damages pursuant to Cal. Civ. C. §1786.50, including statutory damage, actual damages, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

//
//
//
//
//

-19-

**FOURTH CAUSE OF ACTION**

**(Violation of Cal. Civ. C. §1786.20(b)  against KENTECH AND BGC)**

92.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

93.    KENTECH and BGC, recklessly, willfully, and/or intentionally violated ICRAA Cal. Civ. C. §1786.20(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information when preparing their consumer reports, as discussed supra.

94.    KENTECH and BGC's violations were willful or reckless because they were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

95.    KENTECH and BGC's violations entitle Plaintiff to damages pursuant to Cal. Civ. C. §1786.50, including statutory damage, actual damages, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

**FIFTH CAUSE OF ACTION**

**(Violation of California Business and Professions Code §17200 against KENTECH AND BGC)**

96.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

97.    KENTECH and BGC, recklessly, willfully, and/or intentionally violated California Business and Professions Code §17200 by failing to comply with the ICRAA as fully set forth above.

98.    Plaintiff suffered actual damages and Plaintiff injunctive relief in addition to any other monetary relief as granted by this Court.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. As to all class-wide claims:

   a. For a declaration that Defendants' practices violate the FCRA, 15 USC §1681 *et seq.*;

   b. For statutory, compensatory, special, general and punitive damages according to proof and as applicable against all Defendants;

   c. For interest upon such damages as permitted by law;

   d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

   e. For the costs of suit;

   f. For injunctive relief as applicable; and

   g. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: November 2, 2021                Respectfully submitted,

                                       **LAW OFFICE OF JOSEPH LEE**

                                       By: _____
                                           Joseph Lee

                                       **DHF LAW, P.C.**
                                       Devin Fok

                                       Attorneys for Plaintiff and proposed class

-21-

Exhibit 1

106

SCD214325 DA    ACH43001

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ CENTRAL    ☐ EAST    ☐ NORTH    ☐ SOUTH

DATE  09-13-13  AT  09:00  .M.     08133771    PC1203.4 PETITION

PRESENT: HON DAVID M. SZUMOWSKI _____, JUDGE PRESIDING, DEPARTMENT ____ 012

CLERK  MKnig ____    REPORTER _____    CSR# _____
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112

THE PEOPLE OF THE STATE OF CALIFORNIA        J. Blanera by CrI
        VS.                                   DEPUTY DISTRICT ATTORNEY / DEPUTY ATTORNEY GENERAL
ABROGINA    VIRGINIA    A        R - R. BERKON JR    NP    Ramirez
        DEFENDANT                             ATTORNEY FOR DEFENDANT (PD / APD / BAC / RETAINED)
VIOLATION OF  *PC487(B)(3) _____    P.O. ____    L. Mercier
ENH(S) _____    INTERP. _____    OATH ON FILE / SWN.
PRIOR(S) _____    LANGUAGE _____

DEFENDANT ☒ PRESENT    ☐ SELF REPRESENTED    ☐ NOT PRESENT    ☐ NOT PRODUCED

**PROB. REV.** ☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____. ☐ WAIVES HEARING.
PROBATION IS / REMAINS: FORMALLY / SUMMARILY ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONT. ☐ SAME CONDITIONS ☐ TERMD. ☐ EXT. TO: _____
**JUDGMENT** ☐ WAIVES ARRAIGNMENT. ☐ ARRAIGNED FOR JUDGMENT.    ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSPENDED.
☐ PROBATION IS: ☐ DENIED ☐ GRANTED ____ YEARS (FORMAL /TO COURT) TO EXPIRE ____. ☐ CONVERTS TO PROB. TO COURT ____
☐ COMMITMENT TO SHERIFF FOR ____ DAYS. STAYED TO ____ / PENDING SUCCESSFUL COMPL. OF PROBATION. ☐ PAROLE NOT TO BE GRANTED.
☐ PERFORM ____ DAYS PSP. ☐ HOURS VOL. WORK AT NONPROFIT ORG.  SUBMIT PROOF TO PROBATION / COURT BY ____
☐ 4TH AMENDMENT WAIVER:  IMPOSED. / REMAINS IN EFFECT. / DELETED.    ☐ PROTECTIVE ORDER:  ISSUED. / REMAINS IN EFFECT. / MODIFIED. / TERMINATED.
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: ____ TO 5201 RUFFIN RD. STE R, SAN DIEGO 8:00 A.M.
☐ COMMITMENT TO ☐ CA. DEPT. OF CORRECTIONS & REHAB. ☐ DIVISION OF JUVENILE JUSTICE ☐ SAN DIEGO COUNTY SHERIFF (PC1170(h)/2057) ON
COUNT ____ CODE & NO. ____ FOR ____ LOWER / MIDDLE / UPPER / INDETERMINATE TERM OF ____ YEARS / MONTHS / TO LIFE.
☐ EXECUTION OF CONCLUDING ☐ ____ DAYS ☐ ____ MONTHS ☐ ____ YEARS OF SENTENCE IS SUSPENDED, DURING WHICH TIME THE DEFT. SHALL BE SUBJECT
TO MANDATORY SUPV. BY THE PROB. DEPT. (PC1170(h)(5)(b)). TERMS AND CONDITIONS SET FORTH IN THE ORDER GRANTING MANDATORY SUPV. (CRM-255).
☐ PER PC1170(d) ☐ PER W11737 ☐ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE. ☐ NO EARLY RELEASE OF ANY TYPE AUTHORIZED.
☐ SENTENCE PER PC667(b)-(i)/1170.12. ☐ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC29805.
☐ NO VISITATION PER PC1202.05. VICTIM IS UNDER 18 YRS. OF AGE.  DA TO COMPLY WITH NOTICES.
☐ TESTING: ☐ COMPLIANCE WITH PC298 VERIFIED. ☐ DNA (PC296) ☐ HIV (PC1202.1)
☐ DEFENDANT ADVISED RE: PAROLE / APPEAL RIGHTS.    ☐ **REGISTER** PER ☐ PC290 ☐ HS11590 ☐ PC457.1 ☐ PC186.30
☐ **DEFENDANT TO PAY: FINE OF $** ____ INCLUDING PENALTY ASSESSMENT, PLUS THE FOLLOWING:
☐ INSTALLMENT/ACCOUNTS RECEIVABLE FEE (PC1205(e)) $ ____ ☐ DRUG PROGRAM FEE (HS11372.7) $ ____
☐ LAB ANALYSIS FEE (HS11372.5) $ ____ ☐ THEFT FINE (PC1202.5) $ ____
☐ COURT OPERATIONS ASSESSMENT (PC1465.8) $ ____ ☐ CRIM JUSTICE ADMIN FEE (GC29550 et seq.) $ ____
☐ CRIMINAL CONVICTION ASSESSMENT (GC70373) $ ____ ☐ SEX OFFENDER REG. FINE (PC290.3) $ ____
☐ PROB. HAVING BEEN FORMALLY REVOKED, THE PREVIOUS REST. FINE OF $ ____, SUSP. PER PC1202.44, IS NOW DUE.
☐ **RESTITUTION FINES: $** ____ (PC1202.4(b)) PLUS 10% (PC1202.4(l)) FORTHWITH (PC2085.5)
$ ____ (PC1202.44/PC1202.45) SUSPENDED UNLESS PROBATION/PAROLE/SUPERVISION REVOKED.
☐ **RESTITUTION TO VICTIM(S)** PER P.O.'S REPORT / RESTITUTION FUND (PC1202.4(f)) $ ____ / IN AN AMOUNT
TO BE DETERMINED. ☐ JOINT & SEVERAL. ☐ AT COMBINED RATE OF $ ____ PER MONTH TO START 60 DAYS AFTER RELEASE / ON ____
☐ **REPORT TO** ☐ PROBATION ☐ REVENUE & RECOVERY ☐ COURT COLLECTIONS ☐ FORTHWITH. ☐ WITHIN 72 HRS. OF RELEASE FROM CUSTODY.
**PROCEEDINGS SUSPENDED** ☐ PER PC1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
**FUTURE HEARINGS** WAIVERS: ☐ TIME FOR JUDGMENT. ☐ PRESENCE FOR RESTITUTION HRG. ☐ REFERRED FOR DIAGNOSTIC EVAL. PER PC1203.03. / W1707.2.
_____ CONT. TO / SET FOR ____ AT ____ IN DEPT. ____ ON MOTION OF COURT / DDA / DEFT. / PROB. OFFICER.
☐ TO BE HEARD CONCURRENTLY WITH PRELIMINARY HEARING IN CASE ____    ☐ TO TRAIL CASE(S) ____
**CUSTODY STATUS** ☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL. ☐ WITH BAIL SET AT $ ____
☐ MAY BE RELEASED TO REP. OF PD / PROB./APPROVED RES. TREATMENT PROG. ☐ STAY / SERVE BAL. OF CUST. ☐ WHEN BED AVAIL. ☐ AFTER ____ CUSTODY.
☐ DEFT. ORDERED RELEASED FROM CUSTODY ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ. ☐ ON MANDATORY SUPERVISION.
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ____. ☐ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANCE.
**BONDS / WARRANTS** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____. ☐ COUNSEL REPORTS NO CONTACT WITH DEFENDANT.
☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ____. ☐ BENCH WARRANT ISSUED / ORDERED ____ IS RECALLED / RESCINDED.
☐ DECLARATION OF NON-COLLUSION & RE-ASSUMPTION OF LIABILITY FILED. ☐ BAIL FORF. IS SET ASIDE. ☐ BAIL ☐ REINSTATED ☐ EXONERATED ☐ FORFEITED
☐ UPON PAYMENT OF COURT COST $ ____ WITHIN 30 DAYS. ☐ COST WAIVED. BOND AMT $ ____ BOND NO. ____
BOND COMPANY _____ AGENT _____
**OTHER** ☐ ALL PROPERTY IMPOUNDED, SEIZED, OR HELD IN CUSTODY IN THIS CASE TO BE DISPOSED OF PER POSSESSING AGENCY'S POLICY.
☐ PROBATION: PREPARE SUPPLEMENTAL REPORT. / SUBMIT POST-SENT. REPORT TO CDCR PER PC1203c. ☐ SEE ATTACHED MINUTES FOR ADDITIONAL ORDERS.
☐ CONCURRENT WITH / CONSECUTIVE TO: ____    **CLERK:** ☐ REGISTRAR OF VOTERS. ☐ DMV ABSTRACT B.A.C. ____

$891 Court fine is- Deleted.    Petition for relief pursuant to PC1203.4 is granted/denied.
                                Court Cost Paid

Date: ____ on 9/13/13 ____    ATTEST A TRUE COPY, Clerk of the Superior Court by ____ , Deputy
Distribution by  MKr  to  JAIL  DEFT.  ATTY.  PROS.  PROB.  R&R  Other: ____
SDSC CRM-002B (Rev. 1/13)    **FELONY MINUTES – PRONOUNCEMENT OF JUDGMENT**

| DAYS CREDIT FOR TIME SERVED | |
|---|---|
| LOCAL | |
| STATE INST. | |
| PC4019 | [2/4] |
| PC4019 | [2/2] |
| PC4019 (b)(1)/(c)(1) | [2/2] |
| PC4019(b)(2)/(c)(2) limited | [2/4] |
| PC2933(e)(1) | [1/1] |
| PC2933(e)(3) disqualified | [2/4] |
| PC2933.1 | [15%] |
| TOTAL CREDITS | |

Exhibit 2

File # 54902 : ABROGINA, VIRGINIA C.



**Background Screening Report**
KENTECH CONSULTING, INC
520 W Erie St
Suite 340
Chicago, IL 60654
Phone: 312-780-0470 / 888-749-2432
Fax: 312-276-8989

| | | | |
|---|---|---|---|
| FILE NUMBER | 54902 | REPORT DATE | 02-11-2014 |
| REPORT TO | SUNA SOLUTIONS (SU) | ORDER DATE | 02-10-2014   DEBRA DENNO |
| | 1331 N CALIFORNIA | TYPE | SUNA - STANDARD PACKAGE |
| | Suite 150 | | |
| | WALNUT CREEK, CA 94596-4535 | | |
| | Phone: 925-444-2190 | | |
| | Fax: 925-444-2194 | | |

### California Disclaimer

**Pursuant to California Civil Code 1786.29 the following disclaimer is made. The accuracy or truthfulness of this report cannot be guaranteed as to the subject of the investigation, only that it was accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the subject of this report. The Subject of this report may review all files in relation to this report, maintained by KENTECH CONSULTING, INC with a proper request and identification. KENTECH CONSULTING, INC may charge a fee of no more than $8 for making such disclosures, except that KENTECH CONSULTING, INC will not charge a fee if you (1) certify that you are unemployed and state your intention to apply for a job within 60 days of the certification, (2) are a recipient of public welfare assistance, or (3) have reason to believe that the file of KENTECH CONSULTING, INC on you contains inaccurate information due to fraud.**

**De acuerdo al Código Civil 1786.29, la siguiente renuncia a responsabilidades es hecha. La exactitud o apego a la verdad de este informe, no puede ser garantizado como el sujeto de la investigación, solo que éste fue copiado con exactitud de los archivos públicos. La información generada como resultados de robo de identidad, incluyendo evidencia de actividad criminal, puede ser asociada de manera inexacta con el sujeto de este informe. El sujeto de este informe, puede revisar todos los archivos relacionados con este informe, custodiados por KENTECH CONSULTING, INC con una requisición adecuada e identificación. KENTECH CONSULTING, INC puede hacer el cargo por no más de $8 dólares Americanos por mostrar dichos archivos, excepto que KENTECH CONSULTING, INC no cobrará una cuota si tu (1) certificas que eres desempleado y demuestras tus intenciones de solicitar trabajo dentro de 60 días de la certificación, (2) eres acreedor a ayuda pública "welfare", o (3) tienes razón para creer que KENTECH CONSULTING, INC el informe sobre ti contiene información inexacta como resultado de fraude.**

### Application Information

| | | | | |
|---|---|---|---|---|
| APPLICANT | | SSN | XXX-XX-. | DOB |
| ADDRESS(ES) | | CITY / STATE / ZIP | SAN DIEGO, CA 92126 | |

### Identity Development

#### Person Search - IDENTIFY

| | | | |
|---|---|---|---|
| RESULTS | **Records Found** | | |
| SSN SEARCHED | XXX-XX- | SEARCH DATE | 02-10-2014 4:18 PM MST |
| | | **Applicant Information** | |
| FULL NAME / SSN | DOB | ADDRESS          PHONE | REPORTED DATE(S) |
| | | | First: 1995-06 |
| | | | Last: 2014-02 |

File # 54902 : ABROGINA, VIRGINIA C.

|  | First: 1993-12<br>Last: 2013-12 |
|  | First: 2009-12<br>Last: 2009-12 |
|  | First: 1989-09<br>Last: 2004-12 |

## SSN Information

| SSN | VALID | ISSUED LOCATION<br>SSN IS VALID. ISSUED IN CA | ISSUED DATE RANGE<br>IN THE YEAR 1981-1982 |

**WARNING:** This search may not be used as the basis for an adverse action on an applicant. It should only be used to verify or correct an applicant's information, or as a tool to further research of public records or other verifications.

## Investigative

### COUNTY VALIDATION

| RESULTS | Records Found | | |
| NAME SEARCHED | | SEARCH DATE | 02-11-2014 8:34 AM MST |
| DOB SEARCHED | | SEARCH SCOPE | |
| JURISDICTION | CA-SAN DIEGO | | |

### *** Abstract ***

| NAME ON RECORD | | CASE NUMBER | |
| DOB ON RECORD | 1964 | COURT | CENTRAL COURTHOUSE SUPERIOR COURT RECORDS SAN DIEGO |
| OTHER IDENTIFIERS | DA NUMBER: ACH43001 | FILE DATE | 06/20/2008 |
| OTHER INFO | CASE HAS BEEN NEITHER IMAGED NOR MICROFILMED FOR FURTHER REVIEW OF ITS NATURE | | |

### Count-1

| TYPE | | OFFENSE | |
| DISPOSITION | | | |
| DISPOSITION DATE | | OFFENSE DATE | |
| SENTENCE | | | |
| OTHER INFO | | | |

COMMENT

WARNING: Based on the information provided KENTECH CONSULTING, INC searched for public records in the sources referenced herein for criminal history information as permitted by federal and state law. 'Records Found' means that our researchers found a record(s) in that jurisdiction that matched the personal identifiers (i.e., Name, SSN, Date of Birth, Address) listed for the subject in the above abstract. KENTECH CONSULTING, INC does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Further investigation into additional jurisdictions, or utilization of additional identifying information, may be warranted. Please call for assistance.

| COPS 360 NATIONWIDE | | |
|---|---|---|
| RESULTS | **Records Found** | |
| NAME SEARCHED | | SEARCH DATE |
| DOB SEARCHED | | 02-11-2014 8:29 AM MST |
| JURISDICTION | NATIONWIDE | |
| NAME VARIATION(S) SEARCHED | | |

JURISDICTION(S) SEARCHED

The search you have selected is a search of our criminal database(s) and may not represent 100% coverage of all criminal records in all jurisdictions and/or sources. Coverage details available upon request.

CRIMINAL RECORDS

**P.R.I.O.R.S.**

**Offender:**
- Full Name:
- DOB:
- Provider: P.R.I.O.R.S.
- State: CA

**Offense:**
- Description: FELONY GRAND THEFT -FEL -GT
- DispositionDescription: CONVICTED3 YEARS FORMAL PROBATION FINE OF $680RESTITUTION FINE OF $82,434
- Offense Date: 2007-09-02
- Disposition Date: 2009-01-06
- File Date: 2008-06-20
  - Origin: Crime
  - ID Number:
  - County: SAN DIEGO
  - Case Number:
  - Result Date: 2013-06-13
  - Method Verified: NAME,DOB-FULL
  - Search Type: COUNTY

RECORDS FOUND NOTES

WARNING: Based on the information provided KENTECH CONSULTING, INC searched for public records in the sources referenced herein for criminal history information as permitted by federal and state law. 'Records Found' means that our researchers found a record(s) in that jurisdiction that matched the SSN and at least one personal identifier (i.e., Name or Date of Birth) listed for the subject in the above abstract. KENTECH CONSULTING, INC does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Further investigation into additional jurisdictions, or utilization of additional identifying information, may be warranted. Please call for assistance.

**Disclaimer**

This report is furnished to you pursuant to the Agreement for Service between the parties and in compliance with the Fair Credit Reporting Act. This report is furnished based upon your certification that you have a permissible purpose to obtain the report. The information contained herein was obtained in good faith from sources deemed reliable, but the completeness or accuracy is not guaranteed.

**\*\*\* End Of Report \*\*\***

Exhibit 3

 **Superior Court of California, County of San Diego**

---

**Court Index Home**    **Previous Page**    **New Case Number Search**    **Print**

## View Case Detail

Case Title:    **DEFENDANT VIRGINIA ADA ABROGINA**

Case Number:    **SCD214325**    Case Location:    **San Diego**    [ File Location ]

Case Type:    **Criminal**    Date Filed:    **06/20/2008**

| Defendant | | | | |
|-----------|-----------|------------|-----|-----------|
| Last Name | First Name | Birth Year | AKA | DA Number |
| **ABROGINA** | **VIRGINIA ADA** | **1964** | | **ACH43001** |

| Imaged Case |
|-------------|
| **This case has not been imaged.** |

| Microfilm | | | |
|--------------|----------|-------------|--------------|
| Microfilm ID | Location | Reel Number | Frame Number |
| **This case has not been microfilmed.** | | | |

## **E-FILING ATTESTATION**

   By his signature below, counsel for Plaintiff attests that he has on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document and any document e-filed concurrently herewith.

DATED: November 2, 2021  **LAW OFFICE OF JOSEPH LEE**

       By: ___/s/ Joseph Lee_____
         Joseph Lee