UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,<br><br>Plaintiff,<br><br>v.<br><br>KENTECH CONSULTING, INC., a foreign corporation doing business in California; BACKGROUND CHECKS.COM, a limited liability business in California; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.  16-CV-0662-DMS-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT BACKGROUNDCHECKS.COM** |

Pending before the Court is Defendant Backgroundchecks.com, LLC's ("BGC") Motion to Dismiss Plaintiff Virginia Abrogina's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff filed an opposition, and Defendant BGC filed a reply.  For the reasons set forth below, BGC's motion to dismiss is granted.  The Court dismisses Plaintiff's federal claims under the Fair Credit Reporting Act ("FCRA") (Counts One and Two) as untimely under the FCRA's five-year statute of repose. The Court also dismisses Plaintiff's state claims (Counts Three through Five) under the

Investigative Consumer Reporting Agencies Act ("ICRAA") and Unfair Competition Law ("UCL").

## I.
## BACKGROUND

Plaintiff is a California resident who applied for a job at Alere, Inc., in January 2014. Shortly thereafter, Alere referred Plaintiff to Suna, a staffing agency, to complete the hiring process. Suna subsequently requested a background report about Plaintiff from Defendant Kentech Consulting, Inc. ("Kentech"), a background reporting company. In February 2014, Kentech furnished a background report about Plaintiff to Suna and Alere. Plaintiff claims Alere terminated Plaintiff based on inaccurate information in the background report.

Plaintiff filed her Complaint against Kentech, Alere, and Does 1-10 in state court in February 2016, which Kentech removed to the district court the following month. In April 2016, Plaintiff filed a first amended complaint ("FAC"), in which she specified her intention to amend her complaint with "additional claims against the proprietor of the P.R.I.O.R.S. database, who is currently a DOE Defendant whose true identity is unknown to Plaintiff at this time and will likely be discovered through service of written interrogatories on Defendant KENTECH." (ECF No. 5 at 6). On June 24, 2021, upon joint motion of the parties, the Court dismissed Plaintiff's individual claims against Alere with prejudice and the class claims against Alere without prejudice. (ECF No. 28).

Prior to the dismissal of Plaintiff's claims against Alere, the Court had granted Alere's unopposed motion to stay the litigation pending resolution of arbitration of issues by Plaintiff against Suna, a non-party, on June 28, 2016. (ECF No. 22). The Court granted Plaintiff's motion to lift the stay on June 18, 2021, and the case was reopened. Plaintiff thereafter served discovery requests on Kentech to ascertain the owner of the P.R.I.O.R.S. database—BGC. On November 2, 2021, Plaintiff filed the Second Amended Complaint ("SAC"), naming BGC as a defendant. (ECF No. 42).

Plaintiff alleges the following violations of federal and state laws in her SAC against Kentech and BGC: (1) 15 U.S.C. § 1681k(a); (2) 15 U.S.C. § 1681e(b); (3) California Civil

Code § 1786.28(b); (4) California Civil Code § 1786.20(b); and (5) California Business and Professions Code § 17200. In summary, Counts One and Two are alleged violations of a federal statute under the FCRA; Counts Three and Four are alleged violations of California's ICRAA; and Count Five is an alleged violation of California's UCL.

## II.
## DISCUSSION

### A.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B.    The Parties' Arguments

Defendant BGC argues the Court should dismiss Plaintiff's claims against it for the following reasons: 1) Plaintiff's FCRA claims (Counts One and Two) were filed against BGC after the FCRA's five-year statute of repose and two-year statute of limitations had expired; 2) Plaintiff's ICRAA claims (Counts Three and Four) were filed against BGC after the ICRAA's two-year statute of limitations had expired; and Plaintiff's UCL claim (Count Five) fails because it relies entirely upon Plaintiff's time-barred ICRAA claims and is

untimely on its own. In opposition, Plaintiff argues: (1) she could not have discovered BGC's identity before 2021, and thus her claim did not accrue until that time; (2) if expired, the statute of limitations should be tolled; and (3) BGC is not prejudiced because it should have anticipated having to defend an action under the FCRA. The Court agrees with BGC that the FCRA's statute of repose and the ICRAA's statute of limitations have expired.

### C.     Fair Credit Reporting Act

Congress enacted the FCRA "'to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for credit, insurance or employment.'" *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1123 (D. Nev. 2008) (quoting 116 Cong. Rec. 36,572 (1970)). To ensure that credit and background check reports are accurate, the FCRA imposes certain duties on consumer reporting agencies that procure and issue background check reports. *See* 15 U.S.C. § 1681k. The FCRA specifies two limitations periods to timely bring a claim under its provisions. Specifically, "an action" under the FCRA may be brought "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C.A. § 1681p.

BGC relies on the Supreme Court's decision in *California Public Employees' Retirement System v. ANZ Securities, Inc.* ("*CalPERS*")*,* 137 S. Ct. 2042 (2017) (discussing statutes of limitation and repose under Section 13 of the Securities Act of 1933), and argues that the second limitations period specified in the FCRA, 15 U.S.C.A. § 1681p, is a statute of repose that imposes a hard deadline, unforgiving in nature no matter the circumstance. The Court agrees. Congress imposed two different limitations periods for claims brought under the FCRA. The first is a traditional statute of limitations that runs from a plaintiff's discovery of a violation of the claim. The second is a statute of repose that runs from the defendant's last culpable act. *See id.* at 2045. As explained in *CalPERS*, "the pairing of a shorter statute of limitations and a longer statute of repose is a common feature of statutory time limits." *Id*. at 2049. A statute of repose provides a fixed limitations period whose

expiration is "unaffected" by either traditional "discovery rules" relating to accrual of a claim upon plaintiff's actual or constructive knowledge of the claim or "equitable tolling" principles relating to pausing of the running of a limitations period due to "extraordinary circumstances beyond a plaintiff's control[.]" *See CTS Corp. v. Waldburger et al.,* 573 U.S. 1, 5-8 (2014). A statute of repose "is therefore equivalent to 'a cut-off,' (*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilberston,* (501 U.S. 350, 363 (1991)), in essence an 'absolute … bar' on a defendant's temporal liability[.]" *Id.* at 6 (citation omitted).

Statutes of limitation and repose have "distinct purpose[s] and each is targeted at a different actor." *CTS Corp.,* 573 U.S. at 6. Statutes of limitations focus on plaintiffs and require them to diligently pursue claims, while statutes of repose "also encourage plaintiffs to bring actions in a timely manner … but the rationale has a different emphasis." *Id.* Statutes of repose "effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" *Id.* at 6-7 (citation omitted). "Like a discharge in bankruptcy, a statute of repose can be said to provide [a defendant] a fresh start or freedom from liability." *Id.* at 7.

Here, it is undisputed that BGC provided alleged inaccurate information about Plaintiff to Kentech sometime between February 10, 2014, when Kentech received the request for a background report about Plaintiff, and February 11, 2014, when Kentech completed the background report with BGC's information and provided it to Alere. (SAC ¶ 37). It is also undisputed that Plaintiff discovered the act at issue in February 2014. Thus, "the earlier of" the two limitations periods is two years from February 2014. Plaintiff filed her initial complaint against Kentech, Alere, and DOES 1-10 within this timeframe. However, Plaintiff did not file her SAC, identifying BGC as a "Doe" defendant[1], until

---

[1] The practice of naming a "Doe" defendant is a legal device by which a plaintiff includes a placeholder in the initial complaint for a fictitious defendant, with the intention to later identify the defendant through discovery. *See* Charles Alan Wright and Arthur R. Miller, 13F Fed. Prac. & Proc. Juris. § 3642 (3d ed.), Devices to Defeat Diversity Jurisdiction—Utilization of John Doe Defendants. The convention of naming Doe defendants is a state

November 2, 2021, more than seven years after BGC's alleged "last culpable act." Plaintiff neither addresses nor refutes the application of the FCRA's repose provision, and instead focuses on the FCRA's two-year statute of limitations.

Plaintiff claims it could not have determined the owner of the P.R.I.O.R.S. database that assembled the background report until the stay in this case pending arbitration was lifted and the Court allowed her to pursue discovery and identify BGC in 2021. Thus, Plaintiff argues her claim under the FCRA against BGC did not accrue until that time. (ECF No. 65 at 5-9). Plaintiff also argues that, for the same reasons, the statute of limitations should be equitably tolled due to "excusable delay[.]" (ECF No. 65 at 10). However, as discussed, the expiration of the FCRA's statute of repose renders these arguments irrelevant. Given the allegations in the SAC, Plaintiff cannot avoid the "absolute bar" of the FCRA's repose provision, for these types of legislatively imposed deadlines are unaffected by traditional "discovery rules" or "equitable tolling" principles relating to statutes of limitations. Repose provisions are inflexible, immovable, and unforgiving.² As such, Plaintiffs claims under the FCRA are time-barred.

---

law practice that is generally disfavored, though permitted, in federal court. *See id*. Upon learning the identity of the fictitious defendant, the plaintiff amends the complaint to specify the defendant's name and involvement. To the extent a plaintiff adds a Doe defendant beyond a claim's applicable statute of limitations, the plaintiff might advance arguments regarding delayed discovery and tolling, among others. However, the analysis must satisfy Federal Rule of Civil Procedure 15(c) governing the relation back of amendments. *See Craig v. United States*, 413 F.2d 854, 857 (9th Cir. 1969); *see also* Hon. Virginia A. Phillips and Hon. Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 8:1650 (2022); *see also* 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 15, Amended and Supplemental Pleadings (2022). In contrast, a statute of repose imposes an impervious defense against arguments regarding a plaintiff's diligence or extraordinary circumstances beyond a plaintiff's control.

² Because the FCRA's statute of repose is dispositive of the federal claims alleged against BGC, the Court declines to further address the balance of the parties' arguments regarding accrual of claims under the discovery rule, equitable tolling, and laches.

D.   State Law Claims

The Court grants BGC's motion to dismiss the state law claims because Plaintiff's claims under the ICRAA are time-barred, and Plaintiff's UCL claim exclusively relies on her time-barred claims under the ICRAA.

1.   ICRAA Claims

Plaintiff alleges causes of action under Sections 1786.28(b) and 1786.20(b) of the California Civil Code, which must be brought "within two years from the date of discovery." Cal. Civ. Code § 1786.52. Plaintiff brought her claims under the ICRAA for the first time in her initial complaint against Kentech, Alere and Does 1-10 on February 6, 2016. Shortly thereafter, Plaintiff filed her FAC and indicated she would serve interrogatories on Kentech and identify the owner of the P.R.I.O.R.S. database. Plaintiff did not initiate that step until June 2021, more than five years later. Thus, more than two years elapsed from the filing of the initial complaint, and Plaintiff's ICRAA claims would be timely only if the discovery rule delayed accrual of the cause of action as to BGC or the limitations period was otherwise tolled.

California law requires Plaintiff to show that she diligently pursued her claims, especially in situations in which she either discovered the factual basis for a cause of action or in which the factual basis was reasonably discoverable. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 807, 920 (Cal. 2005). The discovery rule postpones accrual of a claim until a plaintiff has "reason to suspect" an injury or wrongdoing, unless the plaintiff pleads and proves that "a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." *Id*. at 917. Plaintiff argues that she could not have discovered BGC's identity until the Court lifted the litigation stay more than five years after she had filed her initial complaint. Notably, however, she does not offer any instance in which she tried and failed.

This is not a case in which Plaintiff discovered for the first time the existence of a separate, third-party assembler of the background report several years after the report was issued. To the contrary, from the early stages of this litigation, Plaintiff was aware of the

7

existence of a proprietor of the P.R.I.O.R.S. database, separate from Defendant Kentech, which she would be required to identify. She has not proved that she conducted, or attempted, a reasonable investigation to reveal the proprietor's identity within the ICRAA's two-year statute of limitations. The Court agrees with Defendant BGC: "Even if Plaintiff did not know BGC's identity on February 12, 2014, when the alleged ICRAA violation occurred, she was well aware of her potential claim against the provider of the allegedly inaccurate public records and was required to diligently pursue her claims starting from that date." (ECF No. 55-1 at 13-14). As BGC points out, Plaintiff had a number of options that she could have pursued but did not, including requesting from Kentech the "sources of the information" on her report under 15 U.S.C. § 1681g(a)(2) and moving the Court to conduct targeted discovery during the stay to ascertain BGC's identity, given the Court's inherent power to manage its docket, lift a stay and allow limited discovery on a particular issue.

Under the circumstances, the Court declines to find that Plaintiff acted with due diligence in discovering the identity of BGC or that other extraordinary circumstances exist and warrant tolling of the limitations period. Consequently, Counts Three and Four are dismissed.

2. <u>UCL Claim</u>

Plaintiff's UCL claim relies entirely upon Plaintiff's causes of action under the ICRAA. Specifically, Plaintiff alleges: "KENTECH and BGC, recklessly, willfully, and/or intentionally violated California Business and Professions Code § 17200 by failing to comply with the ICRAA as fully set forth above." (ECF No. 42 at 20). Defendant argues, and Plaintiff does not dispute, that Plaintiff's UCL claim is subject to the same outcome as her ICRAA claims. (ECF No. 55-1 at 14). The Court agrees and dismisses Count Five.

### III.
### CONCLUSION

The FCRA provides a clear statute of repose, which has long expired and is not subject to either delayed accrual of a statute of limitations under traditional discovery rules or equitable tolling of the running of the limitations period for extraordinary circumstances

beyond the Plaintiff's control.  The ICRAA's two-year statute of limitations has elapsed and Plaintiff's claims under ICRAA and the UCL are time-barred.  Accordingly, BGC's motion to dismiss is granted and Plaintiff's claims against BGC are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: July 14, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court