UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,<br><br>          Plaintiff,<br><br>v.<br><br>KENTECH CONSULTING, INC., a foreign corporation doing business in California; BACKGROUNDCHECKS.COM, a limited liability company doing business in California; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:  16cv0662 DMS (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPROVAL OF CLASS COUNSEL** |

This case comes before the Court on Plaintiff's motion for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Defendant Kentech Consulting, Inc., the sole remaining defendant in this case, filed an opposition to the motion,[1] and Plaintiff filed a reply.  For the reasons set out below, the motion is denied.

---

[1] Plaintiff notes that Defendant's opposition was filed five days after the deadline, and suggests the Court should grant the motion due to that violation of the Local Rules.

# I.

# BACKGROUND

On January 6, 2009, Plaintiff was convicted of grand theft under California Penal Code § 487(d)(1).  (Second Am. Compl. ("SAC") ¶34.)  On September 13, 2013, after having satisfactorily completed her sentence and terms of probation, Plaintiff's conviction was dismissed and "expunged" pursuant to California Penal Code § 1203.4.  (*Id.* ¶35.)  Convictions that are expunged under § 1203.4 generally need not be reported on background screening reports for most employment positions or for other purposes, such as rental applications.

In January 2014, Plaintiff applied for a job at Alere, Inc..  (*Id.* ¶36.)  Alere referred Plaintiff to a staffing agency, Suna Solutions, Inc., to complete the hiring process.  (*Id.* ¶37.)

On February 10, 2014, Suna sent a request to Kentech for a background screening report on Plaintiff.  (*Id.*)  To create the report, Kentech obtained Plaintiff's criminal history information from Backgroundchecks.com, (*id.*), and reviewed records from the San Diego Superior Court.  (Decl. of Devin Fok in Supp. of Mot. ("Fok Decl."), Ex. 2 at 506.[2])  In the "Investigative" section of Kentech's report on Plaintiff, there are two subsections, one entitled "County Validation" and the other entitled "Cops 360 Nationwide."  (Fok Decl., Ex. 6 at 897-98.)  The "County Validation" section lists Plaintiff's theft conviction.  (*Id.* at 897.)  The "Cops 360 Nationwide" section also includes Plaintiff's theft conviction.  (*Id.* at 898.)  Kentech provided this report to Suna/Alere on February 11, 2014.  (SAC ¶37.)  On February 12, 2014, Plaintiff was terminated from her employment at Alere.  (*Id.* ¶38.)

/ / /

---

Plaintiff is correct that Defendant's opposition was untimely filed, but the Court declines to grant the motion on that basis.

[2] The page number cited here and to other of Plaintiff's Exhibits is the number assigned by the Court's CM/ECF system.

Plaintiff filed a dispute with Kentech about her report.  (Decl. of Virginia Abrogina in Supp. of Mot. ("Abrogina Decl.") ¶17.)  Thereafter, Kentech provided an amended report to Suna/Alere on March 5, 2014, which omitted Plaintiff's theft conviction and instead stated in both the "County Validation" and "Cops 360 Nationwide" sections, "No Reportable Records Found."  (Fok Decl., Ex. 9.)  Despite Kentech's provision of this amended report, Alere did not rehire Plaintiff.  (Abrogina Decl. ¶19.)

As a result of these events, Plaintiff filed the present case against Defendants Kentech and Alere in San Diego Superior Court.  In the original Complaint, Plaintiff alleged two claims against Kentech for violations of the Fair Credit Reporting Act ("FCRA"), two claims against Alere for violations of the FCRA, and another claim against Alere for violating California Labor Code § 432.7(a).  On March 17, 2016, Defendant Kentech removed the case to this Court on the basis of federal question jurisdiction.  After removal, Plaintiff filed a First Amended Complaint in which she amended her FCRA claims against Kentech.  Alere and Kentech both filed motions to dismiss, and Alere also filed a motion to stay pending the resolution of arbitration proceedings between Plaintiff and Suna.  There was no opposition to the motion to stay, and thus, the Court granted that motion and stayed the case.  The case was stayed for nearly five years, after which Plaintiff dismissed her claims against Alere.  After five months of litigation against Kentech, Plaintiff filed a Second Amended Complaint further refining her FCRA claims, and alleging additional claims under California law.

Plaintiff now moves for class certification on her FCRA claims, which arise under 15 U.S.C. §§ 1681k(a)(2) and 1681e(b).  Section 1681k(a)(2) provides that when a consumer reporting agency furnishes a background report for employment purposes based on public record information, and the information disclosed may have an adverse impact on an individual's ability to obtain employment, the agency must maintain "strict

/ / /

/ / /

/ / /

procedures" to ensure that the information furnished is "complete and up to date."[3]   To establish a violation of this section,

> a plaintiff must show that: (1) a [Consumer Reporting Agency, or] CRA furnished a consumer report for employment purposes compiled from public records containing adverse information; (2) the CRA failed to maintain strict procedures designed to insure that the information in that report was complete and up to date; and (3) the consumer report was either incomplete or not up to date.

*Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 700 (N.D. Ga. 2012).

Here, Plaintiff's report was not "complete and up to date" because it identified Plaintiff's theft conviction when it had been expunged and should not have been disclosed at all.  As a result, Plaintiff lost her employment with Alere.  However, that is not Plaintiff's theory of liability under the FCRA or the basis upon which she seeks class certification. Instead, Plaintiff asserts her report was incomplete because (having disclosed the theft conviction) it did not disclose other information relevant to her conviction, including: (1) case number, (2) arrest/file/offense date, (3) offense, (4) severity, (5) final disposition, and (6) disposition date.  Consistent with that theory, Plaintiff seeks to certify the following class against Kentech based on its dissemination of "incomplete" consumer reports under § 1681k(a)(2):

> All natural persons within the United States with respect to whom, during February 5, 2014 – August 25, 2015, Kentech furnished a consumer report to

---

[3]   15 U.S.C. § 1681k(a)(2) states: "A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall-- … (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.  For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported."

a non-police and [non] government entity for employment purposes, and whose report contained any criminal record information, and whose report omits one or more of the following information: "case number", "arrest/file/offense date", "offense", "severity", "final disposition", "disposition date" in violation of 15 USC §1681k(a)(2) ("Class 2").

The other FCRA statute at issue, 15 U.S.C. § 1681e(b), provides that when a CRA prepares a consumer background report for employment or other purposes it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In the Ninth Circuit, a consumer report "can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quoting *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

As with her claim under § 1681k(a)(2), Plaintiff does not assert here that her report was inaccurate because it reported a conviction that had been expunged. Instead, she alleges two other theories of inaccuracy under this section. First, she asserts her report was inaccurate because it did not include the criminal record information set out above (case number, arrest/file/offense date, offense, severity, final disposition, and disposition date). Second, Plaintiff asserts her report was inaccurate because it listed her conviction more than once, i.e., in both the "Cops 360 Nationwide" section and the "County Validation" sections of her report. Consistent with these theories, Plaintiff seeks to certify the following two classes based on Kentech's furnishing of "inaccurate" consumer reports under § 1681e(b):

All natural persons within the United States with respect to whom, during February 5, 2014 – August 25, 2015, Kentech furnished a consumer report to a non-police and non-government entity, and whose report contained any criminal record information, and whose report omits one or more of the following information: "case number", "arrest/file/offense date", "offense", "severity", "final disposition", "disposition date" in violation of 15 USC §1681e(b) ("Class 1"); and

5

All natural persons within the United States with respect to whom, during the years February 5, 2014 – August 25, 2015, Kentech furnished a consumer report to a third party, and whose report contained two or more criminal records related to the same criminal offense in violation of 15 USC §1681e(b) ("Class 3").

## II.

## DISCUSSION

Plaintiff asserts the three proposed classes meet the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3).  Defendant argues Plaintiff has failed to show Article III standing, and disputes that the requirements for class certification are met.

### A.  Standing

Before turning to the issue of class certification, the Court must first address Defendant's standing argument, which is that Plaintiff has failed to show any class member suffered the requisite harm for Article III standing.

Defendant's argument conflicts with the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S.Ct. 2190 (2021), and thus the Court rejects it.  In that case, in which the plaintiffs also alleged claims under the FCRA, the Court found that the class members whose allegedly defective consumer reports were disseminated to third-party businesses "suffered a concrete harm that qualifies as an injury in fact." *Id.* at 2208-09.  Here, Kentech's report on Plaintiff was disseminated to both Suna and Alere.  Therefore, Plaintiff has suffered the requisite harm for Article III standing.  All putative class members also will have suffered that same harm by virtue of the class definitions, which require the dissemination of a consumer report to a third party.  Therefore, Plaintiff has satisfied the standing requirement.

### B.  Class Certification

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  To qualify for the exception to individual litigation, the plaintiff must satisfy the requirements of

Federal Rule of Civil Procedure 23.  This Rule "'does not set forth a mere pleading standard.'"  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Dukes*, 564 U.S. at 350).  Rather, the plaintiff "must prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence."  *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir.), *cert denied*, ___ U.S. ___, 143 S.Ct. 424 (2022).

To satisfy those prerequisites, the plaintiff "must make two showings.  First, the plaintiff[ ] must establish 'there are questions of law or fact common to the class,' as well as demonstrate numerosity, typicality and adequacy of representation."  *Id.* at 663 (quoting Fed. R. Civ. P. 23(a)).  Second, the plaintiff must meet one of the requirements of Rule 23(b).  In this case, Plaintiff asserts she meets the requirements of Rule 23(b)(3).  To qualify for class certification under this Rule, the plaintiff must show that "'the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'"  *Id.* at 663-64 (quoting Fed. R. Civ. P. 23(b)(3)).  "The requirements of Rule 23(b)(3) overlap with the requirements of Rule 23(a):  the plaintiff[ ] must provide that there are 'questions of law or fact common to class members' that can be determined in one stroke, in order to prove that such common questions predominate over individualized ones."  *Id.* at 664 (citations omitted).

It is a well-recognized precept that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) (quoting *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 558 (1963)).  However, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage."  *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983) (citation omitted); *see also Nelson v. United States Steel Corp.*, 709 F.2d 675, 680 (11th Cir. 1983) (plaintiff's burden "entails more than the simple

assertion of [commonality and typicality] but less than a prima facie showing of liability")
(citation omitted).  Rather, the court's review of the merits should be limited to those
aspects relevant to making the certification decision on an informed basis.  *See* Fed. R. Civ.
P. 23 advisory committee notes.  If a court is not fully satisfied that the requirements of
Rule 23(a) and (b) have been met, certification should be refused.  *Gen. Tel. Co. v. Falcon*,
457 U.S. 147, 161 (1982).

      1.   Rule 23(a)

      Rule 23(a) and its prerequisites for class certification—numerosity, commonality,
typicality, and adequacy of representation—are addressed in turn.

          *a.*     *Numerosity*

      Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is
impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir.
2003).  The plaintiff need not state the exact number of potential class members; nor is a
specific minimum number required.  *Arnold v. United Artists Theatre Circuit, Inc.*, 158
F.R.D. 439, 448 (N.D. Cal. 1994).  Rather, whether joinder is impracticable depends on
the facts and circumstances of each case.  *Id.*

      Here, Plaintiff argues the numerosity requirement is met for each proposed class.
Specifically, she argues Kentech produced 523 reports that contain "incomplete" criminal
record information, i.e., they omit the "case number," "arrest/file/offense date," "offense,"
"severity," "final disposition," or "disposition date," and 353 reports that contain the same
criminal case more than once.  (Mem. of P. & A. in Supp. of Mot. at 18.)  Defendant
responds that Plaintiff has not shown numerosity because she failed to submit any evidence
to support her proposed numbers, and specifically failed to present the reports underlying
her argument.

      After Defendant filed its reply brief, Plaintiff's counsel filed a supplemental
declaration in support of the motion and attached a spreadsheet of the reports underlying
his numerosity argument.  (*See* Supp. Decl. of Devin Fok in Supp. of Mot. ("Supp Fok
/ / /

Decl."))[4]  In that declaration, Counsel states his office reviewed the background screening reports produced by Defendant during discovery, and discovered that 523 reports contain "incomplete" information and 353 reports contain repetitive information.  (Supp. Fok Decl. ¶¶2-6.)[5]

Although this evidence speaks to the completeness and accuracy aspects of the first and second proposed classes, it does not address the other elements of those class definitions, namely, (1) the date the report was furnished, (2) the nature of the receiving entity, i.e., police, government, or private, or (3) whether the report was prepared for employment purposes, which is a requirement of the second proposed class.  Absent evidence addressing all the elements of the first and second proposed classes, Plaintiff has not shown the numerosity requirement is met for those classes.

For the third proposed class, Plaintiff has shown the numerosity requirement is met for the accuracy aspect of that class by virtue of the repetitive criminal information in the 353 reports, but again, she fails to address whether those reports were furnished during the

---

[4] Defendant objects to this evidence on the ground it is untimely, and also objects to Counsel's Declaration on the following grounds:  (1) lack of foundation, (2) lack of personal knowledge, (3) hearsay, (4) speculation, and (5) lack of authentication.  (Def.'s Objection to Late Filed Documents in Supp. of Mot. for Class Cert.)  Having filed its opposition brief five days late, Defendant can hardly be heard to complain about the timeliness of Plaintiff's supplemental filing.  Defendant's foundation and authentication objections are also overruled, *see U.S. Wholesale Outlet & Distrib., Inc. v. Innovation Ventures, LLC*, No. 18-cv-1077-CBM-Ex, 2019 WL 8504725, at *2 (C.D. Cal. Aug. 7, 2019) (overruling similar objections to documents that were produced during fact discovery), as are its objections based on lack of personal knowledge, hearsay, and speculation.  Counsel's statements in his Declaration are based on percipient information, (Supp. Fok Decl. ¶1), and Defendant has not shown the source of Counsel's Declaration, which are Defendant's own documents, "indicate a lack of trustworthiness."  Fed. R. Evid. 803(6)(E).

[5] In addition to the supplemental declaration and spreadsheet from Plaintiff's counsel, Plaintiff also filed a motion to file all 588 reports with the Court.  Simply filing the reports with the Court, however, does not satisfy Plaintiff's burden to show the numerosity requirement is met.  Accordingly, the Court denies Plaintiff's motion to file these reports.

relevant time period. Accordingly, the numerosity requirement is not met for the third proposed class either.[6]

### b. Commonality

The second element of Rule 23(a) requires the existence of "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). This element has "'been construed permissively,' and '[a]ll questions of fact and law need not be common to satisfy the rule.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). "However, it is insufficient to merely allege any common question[.]" *Id.* Instead, the plaintiff must allege the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]" *Dukes*, 564 U.S. at 350. As summarized by the Supreme Court:

> What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)).

Here, Plaintiff contends the commonality requirement is met for both of her FCRA claims. On her first claim under 15 U.S.C. § 1681k(a)(2), Plaintiff argues the commonality requirement is met because the claim presents a common question, namely, "whether disclosing patently incomplete information violated 15 USC § 1681k(a)(2) requiring strict procedures to ensure that the reported information is complete and up to date[.]" (Mem. of P. & A. in Supp. of Mot. at 20.) On her second claim under § 1681e(b), Plaintiff asserts the commonality requirement is met because it raises the common questions of whether

---

[6] Although the Court finds the numerosity requirement is not met for any of the proposed classes, the Court will proceed to address the remaining requirements of Rule 23(a) and (b)(3) below.

16cv0662 DMS (WVG)

1  Defendant had procedures to ensure the accuracy of its consumer reports, and if so, whether
2  those procedures were reasonable to ensure the reports were accurate.

3     Whether Defendant had any procedures to ensure the completeness and accuracy of
4  its consumer reports is a question common to Plaintiff's claims.  Whether those procedures
5  met the strictness requirement of § 1681k(a)(2) to ensure the reports were complete, and
6  whether the procedures met the reasonableness requirement of § 1681e(b) to ensure the
7  reports were accurate, are also questions common to Plaintiff's claims.[7]

8     Defendant does not dispute these factual and legal questions "can be determined in
9  one stroke[.]"  *Olean*, 31 F.4th at 664.  Instead, it argues Plaintiff's claims will require
10  individualized review of each credit report to determine whether it is incomplete or
11  inaccurate.  This argument, however, goes to the predominance requirement.  It does not
12  rebut Plaintiff's showing that her claims raise common questions that are "capable of
13  classwide resolution[.]"  *Dukes*, 564 U.S. at 350.

14      *c. Typicality*

15     The next requirement of Rule 23(a) is typicality, which focuses on the relationship
16  of facts and issues between the class and its representatives.  "[R]epresentative claims are
17  'typical' if they are reasonably co-extensive with those of absent class members; they need

---

20  [7] The third proposed class also raises the common question of whether the inclusion of
21  repetitive or duplicative criminal record information in a consumer report renders that
22  report inaccurate.  Several courts have held that "it is reasonable—and plausible—to infer
23  that duplicative reporting of criminal cases on a single report creates an adverse
24  presentation of Plaintiff to a prospective employer."  *Smith v. HireRight Solutions, Inc.*,
25  711 F.Supp.2d 426, 436 (E.D. Penn. 2010).  *See also Dougherty v. Quicksius, LLC*, No.
26  15-6432, 2016 WL 3757056, at *4-5 (E.D. Penn. July 14, 2016) (finding allegation of
27  duplicative reporting of criminal record information gives rise to an inference of inaccurate
28  reporting); *Haley v. TalentWise, Inc.*, 9 F.Supp.3d 1188, 1193 (W.D. Wash. 2014) (denying
motion to dismiss claim under § 1681e(b) where plaintiff alleged defendant included
duplicative and inconsistent criminal records in her report).  Although these cases do not
find the inclusion of repetitive or duplicative criminal record information renders a report
inaccurate as a matter of law, that legal question is common to the third proposed class.

16cv0662 DMS (WVG)

not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted). The typicality requirement will occasionally merge with the commonality requirement, *Parsons v. Ryan*, 754 F.3d 657, 687 (9th Cir. 2014), because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5.

Here, Plaintiff contends the typicality requirement is met because Defendant prepared a consumer report on her that "contained both incomplete and duplicate criminal history information." (Mem. of P. & A. in Supp. of Mot. at 21.) Defendant disputes this assertion, and argues Plaintiff's claims are not typical of any of the proposed classes.[8]

For the first and second classes, Defendant's argument centers on the requirement that the class member's report "omits one or more of the following information: 'case number', 'arrest/file/offense date', 'offense', 'severity', 'final disposition', 'disposition date'[.]" (Mem. of P. & A. in Supp. of Mot. at 3.) Defendant argues Plaintiff's report contains all of this information, therefore her claim is not typical of the claims of other class members. Plaintiff does not dispute that all of this information is included in the "Cops 360 Nationwide" section of her report, but argues the information is not also included in the "County Validation" section of her report. The problem with Plaintiff's argument, however, is her proposed class definition does not require that the information

---

[8] Defendant raises these arguments in the context of the adequacy requirement, (*see* Opp'n to Mot. at 18-21), but the arguments are more properly addressed to the typicality requirement. Accordingly, the Court addresses them here instead.

be included in both sections of the report. It simply requires that the information not be omitted, and in Plaintiff's case, that requirement is not met. Her claim is therefore not typical of the first and second proposed classes.

On the third proposed class, Defendant argues Plaintiff's claim is not typical because there is no repeat of Plaintiff's criminal conviction on her report. The Court disagrees. Clearly, Plaintiff's criminal conviction is listed in both the "Cops 360 Nationwide" section as well as the "County Validation" section of her report. (*See* Fok Decl., Ex. 6.) Thus, Plaintiff has satisfied the typicality requirement for the third proposed class.

### d. Adequacy of Representation

The final requirement of Rule 23(a) is adequacy. Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). The named plaintiffs and their counsel must have sufficient "zeal and competence" to protect the interests of the rest of the class. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).

Here, Plaintiff asserts there are no conflicts between herself and absent class members, and she and her counsel will zealously prosecute this case. However, the Court finds Plaintiff's failure to meet the typicality requirement for the first two proposed classes renders her an inadequate representative of those classes. *See In re American Medical Systems, Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) ("The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class

16cv0662 DMS (WVG)

members.")  On the third proposed class, however, Plaintiff is an adequate representative, as is her counsel.

      2.   <u>Rule 23(b)(3)</u>

      The Court now turns to consider whether Plaintiff has satisfied the requirements of Rule 23(b)(3).  Class certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon,* 150 F.3d at 1022 (internal quotations omitted).  Rule 23(b)(3) calls for two separate inquiries: (1) do issues of fact or law common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).  In adding the requirements of predominance and superiority to the qualifications for class certification, "the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote … uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'"  *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3) advisory committee notes).

      A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'"  *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 944 (9th Cir. 2009) (quoting *Zinzer v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001)).  Thus, courts must determine whether common issues constitute such a significant aspect of the action that "there is a clear justification for handling the dispute on a representative rather than on an individual basis."  7A Charles Alan Wright, *et al., Federal Practice and Procedure* § 1778 (3d ed. 2005).  The predominance inquiry under Rule 23(b)(3) is rigorous, *Amchem,* 521 U.S. at 624, as it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Id.* at 623.

      In this case, Plaintiff argues the predominance requirement is satisfied because the "common and predominating legal issues here are whether Defendant violated the FCRA

with respect to class members and whether those violations were willful." (Mem. of P. & A. in Supp. of Mot. at 22.)  Defendant responds that determining whether the reports were incomplete or inaccurate will require an individualized review of each report, and that individualized review process will predominate over all other issues.

Plaintiff does not dispute that an individualized review of the consumer reports is necessary.  In fact, Plaintiff's counsel states he has already conducted that review and determined which reports fall into which proposed class.  Specifically, he has found which reports are either "inaccurate" or "incomplete" as a result of the omission of Plaintiff's self-selected criteria (proposed classes 1 and 2), and which reports are presumably "inaccurate" because they contain repeat or duplicate entries for a single criminal offense (proposed class 3).

Aside from this information, it is unclear why further individualized review of the reports would be necessary.[9]  Defendant cites the need to determine each report's "propriety or impropriety," (Opp'n at 24), but the issue of propriety is irrelevant to the claims at issue, which turn on accuracy and completeness.  Given the objective criteria Plaintiff has selected for determining those issues (omission of case number, arrest/file/offense date, offense, severity, final disposition, and disposition date, and repeated or duplicate listings of a single criminal offense), and Defendant's failure to identify any other issues that would necessitate individualized review, the Court finds the predominance requirement is met for each of the proposed classes.

---

[9] As mentioned above, further review of the reports may be necessary to determine whether the numerosity requirement is met, i.e., whether the reports were prepared during the class period, the nature of the entity receiving the reports, and whether the reports were prepared for employment purposes, but those are not the sort of qualitative, individualized inquiries that would preclude a finding of predominance. *See Soutter v. Equifax Info. Services, LLC*, 307 F.R.D. 183, 214 (E.D. Va. 2015) (quoting *Stillmock v. Weis Markets, Inc.*, 385 Fed. Appx. 267, 272 (4th Cir. 2010) ("Rule 23(b)(3)'s commonality-predominance test is qualitative rather than quantitative.")

Finding the predominance requirement is met, the only remaining issue is whether the superiority requirement is also met.

> Generally the factors relevant to assessing superiority include "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

*Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(3)(A-D)).

Plaintiff does not address these factors, but the Court finds they weigh in favor of a finding of superiority. First, there is no evidence that any members of the proposed classes have filed similar actions against Defendant. Second, Plaintiff is a resident of this District, and thus it would be desirable to litigate this case here. Third, and assuming Plaintiff can show the numerosity requirement is satisfied, the proposed classes do not appear to present any management difficulties. Thus, the superiority requirement is also satisfied.

## III.

## CONCLUSION

For the reasons set out above, the Court denies Plaintiff's motion for class certification and approval of class counsel. Specifically, the motion is denied as to the first and second proposed classes for failure to meet the numerosity, typicality, and adequacy requirements, and denied as to the third proposed class for failure to satisfy the numerosity requirement.

**IT IS SO ORDERED.**

Dated: May 8, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

16cv0662 DMS (WVG)