UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA ABROGINA, as an individual, and on behalf of the putative class,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KENTECH CONSULTING, INC., a foreign corporation doing business in California; BACKGROUNDCHECKS.COM, a limited liability company doing business in California; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.:  16cv0662 DMS (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　　This case comes before the Court on Defendant's motion for summary judgment. Plaintiff filed an opposition to the motion, and Defendant filed a reply.  For the reasons set out below, the motion is denied.

/ / /

/ / /

/ / /

/ / /

# I.

# BACKGROUND

In January 2014, Plaintiff Virginia Abrogina applied for a job at Alere, Inc.. (Second Am. Complaint ("SAC") ¶ 36, ECF No. 42.) Alere referred Plaintiff to a staffing agency, Suna Solutions, Inc., to complete the hiring process. (*Id.* ¶ 37.)

On February 10, 2014, Suna sent a request to Defendant Kentech Consulting, Inc. for a background screening report on Plaintiff. (*Id.*) To create the report, Kentech obtained Plaintiff's criminal history information from Backgroundchecks.com, (*id.*), which revealed that Plaintiff had a prior conviction for felony grand theft. (*Id.* ¶ 49.) Kentech verified that conviction by accessing the San Diego Superior Court's website and copying the information available online. (*Id.* ¶ 51.) After completing these two steps, Kentech prepared a consumer report on Plaintiff. (*See* SAC, Ex. 2.) In the "Investigative" section of the report, there are two subsections, one entitled "County Validation" and the other entitled "Cops 360 Nationwide." (*Id.*) The "County Validation" section identifies a case from the San Diego Superior Court by DA Number and file date. (*Id.*) The "Cops 360 Nationwide" section lists a criminal record with the same file date, and provides additional information, specifically a description of the offense (felony grand theft), the disposition (convicted, sentenced to three years formal probation, a $680 fine and restitution), the offense date, disposition date, and County (San Diego). (*Id.*) Kentech provided this report to Suna/Alere on February 11, 2014. (SAC ¶ 37.) On February 12, 2014, Plaintiff was terminated from her employment at Alere. (*Id.* ¶ 38.)

Thereafter, Plaintiff sent an email to Kentech disputing her report. (Decl. of Kenneth Coats in Supp. of Mot. ("Coats Decl."), Ex. 1, ECF No. 137-2.) The basis for Plaintiff's dispute was that on September 13, 2013, the criminal case listed on her report was dismissed and expunged. (*Id.*) Plaintiff requested that Kentech correct the report and send that report to Suna. (*Id.*) After contacting the San Diego Superior Court and confirming that Plaintiff's conviction had been expunged, Kentech provided an amended report to Suna/Alere that omitted Plaintiff's conviction, stating in both the "County Validation" and

"Cops 360 Nationwide" sections, "No Reportable Records Found." (*See* ECF No. 107 at 910-12.[1]) Despite Kentech's provision of this amended report, Alere did not rehire Plaintiff.

As a result of these events, Plaintiff filed the present case against Defendants Kentech and Alere in San Diego Superior Court. In the original Complaint, Plaintiff alleged two claims against Kentech for violations of the Fair Credit Reporting Act ("FCRA"), two claims against Alere for violations of the FCRA, and another claim against Alere for violating California Labor Code § 432.7(a). On March 17, 2016, Defendant Kentech removed the case to this Court on the basis of federal question jurisdiction. After removal, Plaintiff filed a First Amended Complaint in which she amended her FCRA claims against Kentech. Alere and Kentech both filed motions to dismiss, and Alere also filed a motion to stay pending the resolution of arbitration proceedings between Plaintiff and Suna. There was no opposition to the motion to stay, and thus, the Court granted that motion and stayed the case. The case was stayed for nearly five years, after which Plaintiff dismissed her claims against Alere. After five months of litigation against Kentech, Plaintiff filed a Second Amended Complaint further refining her FCRA claims, and alleging additional claims under California law.

In February 2023, Plaintiff moved for class certification on her FCRA claims, which the Court denied. Plaintiff moved for reconsideration of that decision, which the Court denied. Plaintiff also filed a petition for permission to appeal that decision with the Ninth Circuit, which was recently denied. Those class issues having been resolved, only Plaintiff's individual claims remain.

/ / /

/ / /

/ / /

---

[1] The page numbers cited here are those assigned by the Court's CM/ECF system.

# II.
# DISCUSSION

In the present motion, Defendant moves for summary judgment on Plaintiff's FCRA claims.[2] Plaintiff argues there are genuine issues of material fact on these claims, which precludes summary judgment in Defendant's favor.

## A. Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for

---

[2] Defendant did not move for summary judgment on Plaintiff's state law claims for violations of California Civil Code §§ 1786.28(b) and § 1786.20(b), and California Business and Professions Code § 17200. According to Defendant, Plaintiff "narrowed and amended" her claims to only those under the FCRA when she filed her motion for class certification. (Mem. of P. & A. in Supp. of Mot. at 6-7.) Plaintiff does not address this issue, but absent a formal amendment withdrawing those claims, and in light of the denial of Plaintiff's motion for class certification, the Court finds those state law claims are still at issue.

trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.    The FCRA**

"The FCRA was the product of congressional concern over abuses in the credit reporting industry." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989)). "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them[.]" *Id.* (citations omitted). "These consumer oriented objectives support a liberal construction of the FCRA." *Id.* (citing *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985)).

Here, Plaintiff alleges two claims under the FCRA: one under § 1681e(b) and one under § 1681k(a)(2).

1.    15 U.S.C. § 1681e(b)

Section 1681e(b) provides that when a CRA prepares a consumer background report for employment or other purposes it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond*, 45 F.3d at 1333 (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). "The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.* "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.* (citing *Cahlin*, 936 F.2d at 1156).

Defendant argues it is entitled to summary judgment on this claim for two reasons. First, it asserts Plaintiff's report was not inaccurate. Second, Defendant contends it followed reasonable procedures in generating Plaintiff's report.[3]

In the Ninth Circuit, a consumer report "can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quoting *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)). Defendant argues the information in Plaintiff's original report was not inaccurate because Plaintiff admitted she engaged in the charged conduct and she was actually convicted of the reported crime. In support of this argument Defendant relies on district court cases from Georgia and Pennsylvania. (*See* Mem. of P. & A. in Supp. of Mot. 11-12.) However, those cases are inconsistent with cases from within the Ninth Circuit. *See Smith v. Tenant Tracker, Inc.*, No. C21-5380-BHS-SKV, 2023 WL 2957404, at *6 (W.D. Wash. Feb. 3, 2023), report and recommendation adopted, No. 3:21-cv-05380-BHS-SKV, 2023 WL 2624840 (W.D. Wash. Mar. 24, 2023) (stating defendant "does not demonstrate compliance with the FCRA through the inclusion of 'factually accurate' information."); *Valentine v. First Advantage Saferent, Inc.*, No. EDCV 08-142 VAP (OPX), 2009 WL 4349694, at *8 (C.D. Cal. Nov. 23, 2009) (quoting *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 41 (D.C.Cir.1984)) ("§ 1681e(b) makes a credit reporting agency liable for 'reports containing factually correct information that nonetheless mislead their readers.'")

More importantly, the evidence that Plaintiff's conviction was subsequently dismissed and expunged pursuant to California Penal Code § 1203.4 raises a genuine issue

---

[3] Defendant also appears to raise a third argument, namely, that the accuracy requirement of § 1681e(b) does not apply to criminal record information. (*See* Mem. of P. & A. in Supp. of Mot. at 12 n.4.) Defendant fails to cite any authority for this novel argument, and the Court finds it is not supported by the statutory text nor is it consistent with the overriding purpose of the FCRA.

of material fact about whether Plaintiff's report was accurate. That the one conviction was listed twice also raises a genuine issue about the accuracy of the report. *See Haley v. TalentWise, Inc.*, 9 F.Supp.3d 1188, 1193 (W.D. Wash. 2014) (denying motion to dismiss claim under § 1681e(b) where plaintiff alleged defendant included duplicative and inconsistent criminal records in her report); *Dougherty v. Quicksius, LLC*, No. 15-6432, 2016 WL 3757056, at *4 (E.D. Penn. July 14, 2016) (stating "a report which contains duplicative reporting of criminal cases may be inaccurate."); *Smith v. HireRight Solutions, Inc.*, 711 F.Supp.2d 426, 437 (E.D. Penn. 2010) (finding it reasonable "to infer that duplicative reporting of criminal cases on a single report creates an adverse presentation of Plaintiff to a prospective employer.") Thus, Defendant's first argument does not warrant summary judgment in its favor on this claim.

Defendant's other argument is that it followed reasonable procedures in generating Plaintiff's report. Specifically, Defendant states it obtained information from a vendor database, which identified Plaintiff's conviction, and it "verified the conviction by accessing the San Diego Superior Court's website and copying the information available online." (Mem. of P. & A. in Supp. of Mot. at 3.) Notably, Defendant fails to provide the Court with any authority to support its position that these procedures were reasonable as a matter of law. Defendant does cite *Henson v. CSC Credit Servs.*, 29 F.3d 280, 285 (7th Cir. 1994), in which the court held, "as a matter of law, [that] a credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate." But Defendant has not submitted any evidence that it obtained any information from the *court docket* in preparing Plaintiff's report. Rather, Defendant states it accessed the state court's *website* and simply copied the information available there into Plaintiff's report.

Plaintiff argues that simply checking the Court's website does not constitute a reasonable procedure under the FCRA, especially given the disclaimers on the website. (*See* Pl.'s Req. for Judicial Notice, Ex. 1) (stating "The index does **not** provide information

on the charges and disposition of cases filed with the court", and "For information on the charge(s) and disposition of a specific case, users must review the official court record at the clerk's business office where the case was filed.")  Defendant objects to the Court taking judicial notice of this evidence on relevance grounds as it does not reflect the website as of the date of Defendant's search, namely February of 2014.  Defendant is correct, but the website as of March 4, 2014, contains similar disclaimers.  *See* https://web.archive.org/web/20140304053312/http://courtindex.sdcourt.ca.gov/CISPublic/enter (stating "THE INFORMATION ON AND OBTAINED FROM THIS WEBSITE DOES NOT CONSTITUTE THE OFFICIAL RECORD OF THE COURT", and "To obtain an 'Official Certified' record of the Court, please visit the Court and request the specific documents in person or do so in writing.")  On this record, there is a genuine issue of material fact about whether Defendant's review of the website as opposed to the actual court docket was a reasonable procedure under § 1681e(b).  *See Taylor v. First Advantage Background Services Corp.*, 207 F.Supp.3d 1095, 1108-1110 (N.D. Cal. 2016) (finding jury must decide whether defendant used reasonable procedures where defendant "did not review the face of the court documents"); *Wilson v. Corelogic SafeRent, LLC*, No. 14-CV-2477 (JPO), 2017 WL 4357568, at *4 (S.D.N.Y. Sept. 29, 2017) (citing *Taylor*, 207 F.Supp.3d at 1109) (stating "where, as here, a CRA has reported inaccurate criminal history information without consulting the court documents themselves or 'the actual and original sources of the information that the CRA was reporting,' at least one federal court has concluded that reasonableness was properly decided by a jury.")  Accordingly, Defendant is not entitled to summary judgment on Plaintiff's § 1681e(b) claim.

    2.    15 U.S.C. § 1681k(a)(2)

The only other claim at issue in this motion is Plaintiff's claim under § 1681k(a)(2). That statute provides that when a consumer reporting agency furnishes a background report for employment purposes based on public record information, and the information disclosed may have an adverse impact on an individual's ability to obtain employment, the agency must maintain "strict procedures" to ensure that the information furnished is

"complete and up to date." 15 U.S.C. § 1681k(a)(2).[4]  To establish a violation of this section,

> a plaintiff must show that: (1) a [Consumer Reporting Agency, or] CRA furnished a consumer report for employment purposes compiled from public records containing adverse information; (2) the CRA failed to maintain strict procedures designed to insure that the information in that report was complete and up to date; and (3) the consumer report was either incomplete or not up to date.

*Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 700 (N.D. Ga. 2012).

Here, Defendant does not dispute the first element is satisfied, but it does dispute the other elements. Specifically, Defendant argues it maintained strict procedures designed to ensure that the information in Plaintiff's report was complete and up to date. Defendant also asserts that even if it did violate the statute, that violation did not cause Plaintiff to lose her job at Alere.

Defendant's argument that it maintained strict procedures under § 1681k(a)(2) is the same as its argument on reasonable procedures under § 1681e(b), namely, that it verified Plaintiff's conviction "by accessing the records of the San Diego Superior Court available online." (Mem. of P. & A. in Supp. of Mot. at 14.) As with the question of whether an agency followed reasonable procedures to ensure maximum possible accuracy of its consumer reports under § 1681e(b), whether an agency maintained strict procedures

---

[4]  The text of the statute provides as follows: "A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall-- … (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported." 15 U.S.C. § 1681k(a)(2).

9

designed to insure that information in its consumer reports is complete and up to date under § 1681k(a)(2) "is also a question for the jury." *Adan v. Insight Investigation, Inc.*, No. 16cv2807-GPC(WVG), 2018 WL 467897, at *9 (S.D. Cal. Jan. 18, 2018) (citing *Henderson v. Corelogic Nat'l Background Data, LLC*, 178 F.Supp.3d 320, 336 (E.D. Va. 2016)). Indeed, "federal courts have noted that 'strict procedures' are 'necessarily a more stringent standard' than the 'reasonable procedures' standard of § 1681e(b)." *Henderson*, 178 F.Supp.3d at 336 (quoting *Poore v. Sterling Testing Sys., Inc.*, 410 F.Supp.2d 557, 572 (E.D. Ky. 2006)). Given the Court's discussion above on reasonable procedures, Defendant is not entitled to summary judgment on the ground it maintained strict procedures.

Defendant's only other argument on this claim is, assuming there was a violation, that violation did not cause Plaintiff any harm. Specifically, Defendant asserts Plaintiff was not hired for reasons other than her conviction. In support of this argument, Defendant relies on an email from Brittiny Vollmar, a former employee of Kentech, to other individuals at Kentech, relaying a conversation she had with "Debra" from Suna about Plaintiff's report. (Coats Decl., Ex. 1.) According to Ms. Vollmar, Debra "stated there was no urgency on her part and that the applicant hadn't met other standards and left their program early February[.]" (*Id.*) However, Plaintiff's testimony raises a genuine issue of material fact on the reason for her termination. (*See* Decl. of Heather Stern in Supp. of Mot. ("Stern Decl."), Ex. 6 ¶ 16, ECF No. 137-3) (Plaintiff declaring that she was not allowed to return to work at Alere as a result of Defendant's background check report). Thus, Defendant is not entitled to summary judgment on Plaintiff's claim under § 1681k(a)(2).

/ / /
/ / /
/ / /
/ / /
/ / /

### 3. Willful Violations

Finally, Defendant moves for summary judgment on Plaintiff's claims that Defendant willfully violated the FCRA.[5] To prove a willful violation, Plaintiff "must show that the defendant either knowingly violated the Act or recklessly disregarded the Act's requirements." *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 672 (9th Cir. 2020). Reckless disregard exists if "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Courts in the Ninth Circuit "have found that '[w]illfulness under the FCRA is generally a question of fact for the jury.'" *Taylor*, 207 F.Supp.3d at 1110 (citing cases).

Defendant argues it is entitled to summary judgment on willfulness because (1) it "checked the San Diego County Superior Court's website for convictions relating to Plaintiff," (2) it had no prior knowledge of Plaintiff's § 1203.4 petition, and (3) it promptly issued a new report after receiving Plaintiff's complaint. According to Defendant, this conduct fails to show any "ill will" on its part, therefore it is entitled to summary judgment on willfulness. However, willfulness "is an objective inquiry, and the defendant's subjective intent is irrelevant." *Leslie v. Experian Information Solutions, Inc.*, No. 21-00334 JMS-RT, 2023 WL 5000770, at *5 (D. Hawai'i Aug. 4, 2023) (citing *Safeco*, 551 U.S. at 70 & n.20). Defendant's argument, therefore, does not entitle it to summary judgment on willfulness.

Furthermore, Defendant has not shown there are no genuine issues of material fact on willfulness. Specifically, Plaintiff points to Mr. Coats's deposition testimony, wherein he stated that Kentech's duty "is to accurately – using strict procedures, accurately transcribe what's ever in the court system. *However incomplete or incoherent it may be*,

---

[5] Defendant offers this argument in the alternative as it asserts Plaintiff abandoned her allegation of willfulness in her motion for class certification. As with Plaintiff's state law claims, the Court disagrees that willfulness is no longer in issue.

our requirement is that we have strict procedures in place that accurately put that down." (Stern Decl., Ex. 1 at 78-79, ECF No. 137-3) (emphasis added). He also testified that he does not know how up to date his database sources are, (*id.* at 86), and that he did not know where backgroundchecks.com obtained its information. (*Id.* at 102-05.) Given this testimony, there are genuine issues of material fact on willfulness. Accordingly, Defendant is not entitled to summary judgment on this issue.

## III.
## CONCLUSION

For the reasons set out above, the Court denies Defendant's motion for summary judgment. The Court confirms the pretrial conference scheduled for October 23, 2023, and the trial scheduled for November 27, 2023.

**IT IS SO ORDERED.**

Dated: October 17, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court